■ In the Matter of CENTRAL SCHOOL DISTRICT No. 1, TOWN OF HIGHLANDS, Respondent, v. DOUBLE M. CONSTRUCTION CORP., Appellant. — In a proceeding to stay arbitration, the appeals are (1) from an order of the Supreme Court, Orange County, entered January 21, 1971, which granted the application and denied appellant's cross motion to amend its demand for arbitration, and, (2) as limited by appellant's brief, from so much of a further order of the same court, dated July 10, 1972, as, upon reargument, adhered to the original decision. Order of July 10, 1972 reversed insofar as appealed from, on the law and the facts, petition dismissed, and appellant's cross motion granted. Appeal from order entered January 21, 1971 dismissed as academic. That order was superseded by the order dated July 10, 1972. Appellant is granted one bill of $20 costs and disbursements to cover both appeals. The dispute herein involves a claim for payment for extra work allegedly performed by appellant as general contractor under a contract with the respondent school district for the construction of a high school building. We agree with the findings of Special Term that the provisions of subdivision 1 of section 3813 of the Education Law are to be read into the contract and that compliance with its terms constitutes a condition precedent to arbitration (*Matter of Board of Educ., Union Free School Dist. No. 7 [Heckler Elec. Co.]*, 8 A D 2d 940, affd. 7 N Y 2d 476; *Matter of Board of Educ. of Cent. School Dist. No. 2 [Hanover Ins. Co.]*, 22 A D 2d 936, affd. 16 N Y 2d 673) and also that presentment of the claim would have

been timely on April 7, 1970. However, contrary to the finding of Special Term, we are of the opinion that appellant did comply with the requirement of the statute. Subdivision 1 of section 3813 provides that no claim against a school district may be prosecuted (subject to exceptions not here relevant) unless it is supported by an allegation that a written verified claim upon which the action or special proceeding is founded was "presented to the governing body" of the school district within three months after accrual of the claim. It is essentially undisputed that on April 7, 1970 appellant mailed a verified claim by ordinary mail in an envelope addressed to "Central School District No. 1" at the address of the executive offices of respondent, which it appears was also the mailing address of the school board, as well as of respondent's supervising principal. Respondent admits that the claim was received, but alleges that the envelope was opened by the secretary of the supervising principal; that the secretary placed the verified claim in a folder containing general correspondence dealing with the construction project; that she never informed the supervising principal of its receipt; and that, in fact, neither the supervising principal nor the board became aware of the receipt of the claim until June, 1970, when appellant served its demand for arbitration. In any event, even assuming that neither the board nor the supervising principal had actual knowledge of the receipt of the claim, in our opinion there was sufficient compliance by appellant with the statute. In marked contrast with the provisions of subdivision 2 of section 3813, dealing with tort claims, subdivision 1 imposes no formal requirement of service or delivery. All that appears to be required is that the verified claim be transmitted to the board. Appellant made a reasonable effort to do just that by mailing the claim to the offices of the board. It was entitled to rely on the fact that respondent's employees would bring the claim to the attention of the appropriate officials. Since the failure of the verified claim to reach the board was due to the dereliction of respondent's own employees, respondent is in no position to assert this deficiency as a bar to appellant's right to arbitration. As was said in *Kooleraire Serv. & Installation Corp.* v. *Board of Educ. of City of N. Y.* (28 N Y 2d 101, 106), "The general rule is, as it has been frequently stated, that a party to a contract cannot rely on the failure of another to perform a condition precedent where he has frustrated or prevented the occurrence of the condition." We are further of the opinion that the contractual requirement for written change orders as a prerequisite for payment for extra work does not constitute a condition precedent to arbitration and that the question of whether that contractual requirement bars recovery upon the claim herein, as well as all other questions pertaining to this dispute, is for the arbitrators under the very broad arbitration provision contained in the contract (*Matter of Exercycle Corp.* [*Maratta*], 9 N Y 2d 329; cf. *Matter of Perrin* v. *Stempinski Realty Corp.*, 15 A D 2d 91). It is to be noted that, unlike the contractual provisions involved in *Matter of Frouge Corp.* (*N. Y. City Housing Auth.*) (26 A D 2d 269) and *Matter of Wilaka Constr. Co.* (*N. Y. City Housing Auth.*) (17 N Y 2d 195), the contract herein does not explicitly provide that the requirement is a condition precedent to arbitration. Hopkins, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.