■ SHELDON WACKSMAN, Respondent, v CAROL WACKSMAN, Appellant. —In a matrimonial action, defendant appeals from an order of the Supreme Court, Queens County, dated May 27, 1976, which denied her motion to, *inter alia,* increase the amount of child support. Order affirmed, without costs or disbursements (see *Matter of Boden v Boden,* 42 NY2d 210). Margett, J. P., Rabin, Titone and Mollen, JJ., concur.

■ In the Matter of JUDITH A. CANCRO, Appellant, v CHARLES CANCRO, Respondent.—In a support proceeding, petitioner appeals, on the ground of inadequacy, from (1) an order of the Family Court, Westchester County, dated September 2, 1976, which, after a hearing, directed respondent to pay child support of $30 per week, per child, and (2) a further order of the same court, dated September 1, 1976, which awarded a counsel fee of $700. Order dated September 2, 1976 modified, on the facts, by increasing the award to $35 per week, per child. As so modified, said order affirmed, without costs or disbursements. Order dated September 1, 1976 affirmed, without costs or disbursements. The amount awarded for child support was inadequate under all of the circumstances in this case and should be increased to the extent indicated herein. Gulotta, P. J., Hopkins, Latham and Cohalan, JJ., concur.

■ In the Matter of THERESA COLANTUONO, Respondent, v VALLEY CENTRAL SCHOOL DISTRICT, ORANGE COUNTY, Appellant.—In a proceeding pursuant to section 50-e of the General Municipal Law for leave to serve a late notice of claim against a public corporation, the Valley Central School District appeals from (1) so much of an order of the Supreme Court, Orange County, dated August 12, 1976, as, upon denying the application, did so without prejudice to renewal "upon papers which *objectively* support petitioner's claim that the reason for her late claim is based upon her physical and/or mental incapacity" (emphasis in original) and (2) a further order of the same court, dated March 1, 1977, which granted the application. Order dated March 1, 1977 affirmed, without costs or disbursements. Appeal from the order dated August 12, 1976 dismissed as academic, without costs or disbursements, in the light of the disposition of the appeal from the order dated March 1, 1977. In our opinion, Special Term did not abuse its discretion in granting the claimant's motion for leave to serve a late notice of claim (see General Municipal Law, § 50-e, subd 5). Margett, J. P., Rabin, Titone and Mollen, JJ., concur.

■ In the Matter of CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant, v EAST HUDSON PARKWAY AUTHORITY, Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel respondent to issue a license to petitioner for the installation and maintenance of certain utility facilities in, under or upon the Murray Avenue Bridge without a waiver by petitioner of its rights under section 459 of the Public Authorities Law, the appeal is from stated portions of a judgment of the Supreme Court, Westchester County, dated December 27, 1976, which, *inter alia,* determined that respondent may require a waiver by petitioner of any rights provided by statute with respect to relocation costs. Judgment affirmed, insofar as appealed from, with $50 costs and disbursements, on the opinion of Mr. Justice Wood at Special Term. Margett, J. P., Rabin, Titone and Mollen, JJ., concur.