■ COUNTY OF WESTCHESTER, Respondent, v EDO CORPORATION, Appellant. (And a Third-Party Action.) — Appeal by defendant from an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered August 11, 1980, which granted plaintiff's motion to dismiss its counterclaims and denied its cross motion for leave to serve and file a late notice of claim against the plaintiff. Order reversed, with $50 costs and disbursements, motion denied and cross motion granted. The plaintiff sues to recover damages caused by loss resulting from a fire in a hangar at the Westchester County Airport, which hangar was occupied by the defendant under a lease from the plaintiff. The fire occurred on January 7, 1979; the summons was served on August 29, 1979, and the complaint on November 23, 1979. The answer was served on January 3, 1980. The complaint has two causes of action: the first based on the terms of the lease, whereby it is alleged that the defendant undertook to maintain the premises at its own expense, to keep the premises and equipment in safe condition, and to repair damage at its own expense or reimburse the plaintiff for expenses incurred, if the building was damaged by any act or omission of the defendant; the second based on the negligence of the defendant in failing to maintain the premises in a safe condition, alleging various acts claimed to constitute the negligence. The answer contains two counterclaims, both of which essentially allege that the damage to the hangar was caused by the plaintiff's negligence, consisting, among other things, of failing to take proper action after learning of the fire, failing to report the fire in due time and failing to obtain adequate fire fighting aid, by reason of which the defendant suffered damage. By notice of motion dated May 21, 1980, the plaintiff moved to dismiss the counterclaims on the ground that the defendant had not filed a notice of claim pursuant to section 50-e of the General Municipal Law, as a consequence of which the counterclaims were fatally deficient. The defendant cross-moved for an order directing the plaintiff to accept service of a notice of claim, as if made within 90 days after the claim arose. Special Term granted the plaintiff's motion and dismissed the counterclaims; it denied the defendant's cross motion. Special Term held that it did not have discretion to allow the late filing of a notice of claim, since the defendant's application was made more than one year and 90 days after the fire. It held also that the statutory period had not been tolled by virtue of the provisions of CPLR 203 (subd [c]), relating the service of a counterclaim otherwise barred by the Statute of Limitations to the time of the service of the complaint. We reverse, in the exercise of discretion, deny the motion and grant the defendant's cross motion to serve a late notice of claim. It is true that the timely filing of a notice of claim is a condition precedent to the maintenance of an action against a county *(Barchet v New York City Tr. Auth.,* 20 NY2d 1, 6), and does not necessarily involve the question of limitations. Nonetheless, it is now recognized that the 1976

amendment to section 50-e of the General Municipal Law (L 1976, ch 745, § 2) introduces the concept of limitations into the period during which an application can be made for an extension of time for the service of a notice of claim *(Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 259). The amendment provides that "[t]he extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation" (General Municipal Law, § 50-e, subd 5). That language means that the period "during which a court may authorize service of a late notice of claim is completely coextensive with the time limited for commencing an action against a public corporation and is therefore similarly subject to the tolling provisions of CPLR 208" *(Cohen v Pearl Riv. Union Free School Dist., supra,* p 259). CPLR 203 (subd [c]) provides, in part, that "[a] defense or counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed, except that if the defense or counterclaim arose from the transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends, it is not barred to the extent of the demand in the complaint notwithstanding that it was barred at the time the claims asserted in the complaint were interposed." Here the occurrence took place on January 7, 1979, but the claim was not asserted in the complaint until November 23, 1979. Measuring the period of one year and 90 days from November 23, 1979 (see *Klein v City of Yonkers,* 53 NY2d 1011) would allow as the ultimate date for the commencement of an action against the county to be February 23, 1981 — if CPLR 203 (subd [c]) is considered in the same light as CPLR 208. As the defendant's application was made in July, 1980, it fell within the statutory period. We hold that CPLR 203 (subd [c]) should be considered in the same vein as CPLR 208. As the genesis of CPLR 203 (subd [c]) was the avoidance of "great injustice", in the words of a leading text (1 Weinstein-Korn-Miller, NY Civ Prac, par 203.24, pp 2-93 to 2-94), it must be acknowledged that, in this case, the potential for injustice is apparent if the defendant is deprived of its counterclaims. The plaintiff, in suing to recover for the loss arising from the alleged breach of contract or negligence of the defendant, must be fully aware of the circumstances surrounding the fire and cannot be harmed by the filing of a late notice of claim. There appears no valid reason why the opposing claims of the parties should not be adjudicated in the one action and at the same time. We do not at this time reach the question whether the counterclaims are maintainable in the sense of recoupment (cf. *Deeves & Son v Manhattan Life Ins. Co.,* 195 NY 324; *James Talcott, Inc. v Winco Sales Corp.,* 14 NY2d 227; *Rochester-Genesee Regional Transp. Dist. v Trans World Airlines,* 86 Misc 2d 1011; Ann., 1 ALR2d 630), for that question more properly must be determined on facts not in this record. In the exercise of our discretion, we grant the defendant's cross motion to serve a late notice of claim in the form annexed to the motion papers. No prejudice to plaintiff is perceptible since, as noted, the plaintiff had knowledge of the event and the delay has not caused the plaintiff any disadvantage (see *Van Horn v Village of New Paltz,* 57 AD2d 642; *Matter of Ziecker v Town of Orchard Park,* 70 AD2d 422, affd 51 NY2d 957; *Matter of Colantuono v Valley Cent. School Dist., Orange County,* 59 AD2d 926). Hopkins, J.P., O'Connor, Weinstein and Thompson, JJ., concur.