■ BERTON PLASTICS, INC., Appellant, v CHEMUNG FIBERGLASS PRODUCTS, INC., et al., Respondents. (Action No. 1.) CHEMUNG FIBERGLASS PRODUCTS, INC., Respondent, v BERTON PLASTICS, INC., Appellant, and WITCO CHEMICAL CORPORATION, Respondent. (Action No. 2.) DURA-BILT PRODUCTS, INC., Respondent, v CHEMUNG FIBERGLASS PRODUCTS, INC., Appellant. (Action No. 3.) CHEMUNG FIBERGLASS PRODUCTS, INC., Third-Party Plaintiff-Respondent, v BERTON PLASTICS, INC., Third-Party Defendant-Appellant, and WITCO CHEMICAL CORPORATION, Third-Party Defendant. (Action No. 4.) — Appeals (1) in actions Nos. 1 and 2 from a judgment of the Supreme Court in favor of Chemung Fiberglass Products, Inc., entered April 20, 1982 in Chemung County, upon a verdict rendered at Trial Term (Kuhnen, J.), (2) in actions Nos. 3 and 4, from a resettled judgment of said court in favor of Dura-Bilt Products, Inc., entered June 21, 1982 in Chemung County, upon a verdict rendered at Trial Term (Kuhnen, J.), and (3) from an order of the Supreme Court at Special Term (Kuhnen, J.), entered June 21, 1982 in Chemung County, which, *inter alia,* denied a motion by Berton Plastics, Inc., to vacate the judgment entered April 20, 1982. Early in 1978, Dura-Bilt Products, Inc. (hereinafter Dura-Bilt), which produces accessories for the mobile home industry, entered into an agreement with Chemung Fiberglass Products, Inc. (hereinafter Chemung), whereby Chemung agreed to manufacture and sell to Dura-Bilt certain mobile home accessories consisting of entrance steps, platforms and porch decks. Materials used by Chemung in the manufacturing of these accessories were

purchased from Berton Plastics, Inc. (hereinafter Berton), and Witco Chemical Corporation (hereinafter Witco), and it subsequently developed that the accessories as manufactured were defective in that blisters developed thereon with resultant deterioration. As a consequence of the defective nature of the products, the present actions were instituted. Dura-Bilt commenced an action against Chemung based upon breach of contract, breach of implied warranty of fitness for a particular purpose, negligence and strict products liability, and Chemung in turn brought an action against Berton and Witco for its damages and also a third-party action against Berton and Witco for apportionment of any damages received by Dura-Bilt. For its part, Berton commenced an action against Chemung for the price of materials for which Chemung refused to pay because the materials were allegedly defective. Following a jury trial of these actions, Berton's complaint against Chemung was dismissed in action No. 1, and Chemung was awarded a judgment against Berton in action No. 2 in the amount of $178,679.92.[*] In action No. 3, Dura-Bilt was granted a judgment against Chemung totaling $195,391.70, while in action No. 4 Chemung was awarded judgment against Berton for any amounts which it should pay Dura-Bilt in excess of $32,398.62. These appeals followed. We hold that the challenged judgments and order should be affirmed and, in so ruling, find unpersuasive Berton's contentions to the effect that the proof offered at trial was insufficient to support a verdict against it and in favor of Chemung upon the theory that it had breached an implied warranty to Chemung that the materials in question were fit for a particular purpose, i.e., the manufacturing of the mobile home accessories. Whether there was a warranty and a breach thereof are generally questions of fact for a jury to resolve (cf. *Ploof v B.I.M. Truck Serv.*, 53 AD2d 750, mot for lv to app den 40 NY2d 803), and here an examination of the record reveals ample evidence that Berton sold the materials in question to Chemung, that Berton knew the particular purpose for which the materials were to be used, and also knew that Chemung was relying on Berton to provide suitable materials and that Berton's breach of the warranty was the proximate cause of Chemung's injury (see Uniform Commercial Code, § 2-315). Given these circumstances, the jury's verdict should not be disturbed. Berton's remaining arguments are similarly lacking in substance. Nothing in the trial court's charge warrants our disturbance of the verdict and, in particular, it is clear that the charge was adequate on the issue of comparative negligence or fault as evidenced by the jury's apportionment of damages between Chemung, Berton and Witco. As for the damages awarded to Dura-Bilt, they are not so speculative as to be unsustainable. Judgments and order affirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Mikoll, JJ., concur.

---

[*] In this action, the jury rendered a verdict in the sum of $296,871.30 and apportioned the negligence 10% to Chemung, 40% to Witco and 50% to Berton. However, during the jury's deliberation Chemung settled with Witco with the result that the judgment, finally entered, was as above stated.