■ EMERALD PAINTING, INC., Respondent, v PPG INDUSTRIES, INC., Appellant. — Appeal (1) from a judgment of the Supreme Court in favor of plaintiff, entered April 15, 1983 in Albany County, upon a verdict rendered at Trial Term (Vogt, J.), and (2) from an order of said court, entered July 22, 1983 in Albany County, which denied defendant's motion to set aside the verdict. Plaintiff, a painting contractor, was awarded a subcontract to do the painting in connection with a project to construct a mill for Seaboard Allied Mill in the City of Albany. Part of the subcontract involved painting the interior of 36 concrete silos. The contract price for this portion of the subcontract was $34,000. Bid specifications required that blue resin epoxy paint be applied over white primer or sealer. Federal regulations required the final coat of blue resin epoxy paint because the silos were to contain food. Plaintiff decided to purchase materials, including an epoxy paint brandnamed "Polyclutch", from defendant, a corporation which manufactured and sold paint. Plaintiff's president dealt with the manager of one of defendant's stores who was, concededly, familiar with the purpose for which the paint was to be used. Defendant's representative advised plaintiff's president that Polyclutch was designed to be used without a primer or sealer. Plaintiff's president testified that he advised defendant's representative that the specifications required the use of a sealer and that defendant's representative recommended the "6-2" sealer. Defendant's representative testified that he never recommended that 6-2 sealer be used under Polyclutch. Defendant introduced evidence that 6-2 sealer was not recommended for use with Polyclutch and that its literature dealing with Polyclutch, which defendant's representative claims he gave to plaintiff's president, explains this. There was also evidence that the substrate was not properly prepared. In any event, after the Polyclutch was applied over the 6-2 sealer, large portions of the final coat peeled off. Plaintiff had to remove the Polyclutch and sealer and repaint the interior of the silos with another product. Plaintiff then commenced this action for breach of warranty. After trial, a verdict in favor of plaintiff was returned in the amount of $225,000. Plaintiff's complaint had sought only $125,000. Plaintiff's motion to raise the amount sought in the *ad damnum* clause was granted and defendant's motion to set aside the verdict was denied. This appeal by defendant ensued. We reject defendant's contention that plaintiff failed to present a prima facie cause of action for breach of warranty and that the verdict was against the weight of the evidence. "Where the seller at the time of contracting has reason to know

any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose" (Uniform Commercial Code, § 2-315). Plaintiff's proof established that defendant's representative was aware that the bid specifications required a resin epoxy paint over a sealer and recommended that Polyclutch be used over 6-2 sealer, that plaintiff relied on such recommendation, and that the sealer was not fit for use under the Polyclutch. Thus, plaintiff clearly established a prima facie case. Moreover, the issues of warranty and breach thereof are generally questions of fact for the jury to resolve (*Berton Plastics v Chemung Fiberglass Prods.*, 96 AD2d 665, 666). The jury chose to credit plaintiff's evidence and such evidence clearly supported the verdict. Defendant also challenges several aspects of the jury charge. Only one of defendant's contentions was preserved for review by a request to charge (see CPLR 4110-b). Defendant offered proof that the surface to which the paint was applied was improperly prepared. Specifically, proof was offered that, after the concrete interior walls of the silos dried, there were slight imperfections or pinholes in the concrete. These imperfections were repaired by using a taping compound. The evidence indicates that Polyclutch is not compatible with, and should not be applied over, a taping compound. Defendant requested a charge regarding the role played by the taping compound in the failure of the Polyclutch to adhere. In our view, such request was properly denied. The evidence indicates that 6-2 sealer was applied over the entire substrate, including that part repaired with taping compound. The evidence also indicates that Polyclutch was applied directly over 6-2 sealer and that those products were not compatible. Thus, the cause for the failure of the Polyclutch to adhere was the fact that it was not compatible with the sealer to which it was applied. Any part played by the taping compound was too speculative to warrant a charge to the jury. Defendant contends that Trial Term erred in granting plaintiff's motion to increase its *ad damnum* clause. We agree and, since we hold that the damage award is excessive, the matter must be remitted for a new trial on damages. Damages for breach of warranty include consequential as well as incidental damages (Uniform Commercial Code, §§ 2-714, 2-715). Consequential damages, particularly lost profits, are often difficult to determine in a breach of warranty action. However, where, as here, the contract was entered into within the context of a bid, such damages are far easier to ascertain. Pursuant to the subcontract, plaintiff was to receive $34,000 to paint the interior of the 36 concrete silos according to the bid specifications. Plaintiff obviously figured a certain amount of profit into its bid. Such profit would be the difference between the bid price of $34,000 and plaintiff's cost to perform the job according to bid specifications. The cost would include expenses for labor and materials to complete the job. The proof reveals that, due to defendant's breach of warranty, plaintiff went to great expense for labor and materials to remove the paint supplied by defendant from the interior of the silos and repaint the silos with sealer and epoxy paint manufactured by a different company. It becomes apparent that the proper measure of plaintiff's damages is the difference between the cost in labor and materials to paint the inside of the silos had the Polyclutch been compatible with the sealer and the eventual cost in labor and materials expended by plaintiff to complete the job according to the bid specifications. Such eventual cost would include expenses actually incurred by plaintiff in applying defendant's product, removing that product and repainting the silos to meet bid specifications. Proof of plaintiff's financial status or alleged loss of profit is irrelevant to prove profit since the formula discussed above takes into account and preserves the profit calculated by plaintiff in arriving at its bid. Moreover, plaintiff's

attempt to prove further lost profits after the breach must be rejected since the attribution of such loss to the breach by defendant is speculative at best. While the record herein is insufficient upon which to calculate plaintiff's damages with any degree of precision, it is apparent that the verdict is far in excess of the proper amount of damages. Therefore, the matter must be remitted for a new trial on the issue of damages only. We have considered the other issues raised and find them to be without merit. Judgment modified, on the law and the facts, without costs, by reversing so much thereof as granted damages, matter remitted to Trial Term for a new trial limited to the issue of plaintiff's damages, and, as so modified, affirmed. Appeal from order dismissed as academic, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.