■ BOARD OF EDUCATION OF THE HALF HOLLOW HILLS CENTRAL SCHOOL DISTRICT, Respondent, v JOSEPH ZANGHI CONSTRUCTION CORP., Appellant.—In a proceeding to stay arbitra-

tion, the appeal is from a judgment of the Supreme Court, Suffolk County (Willen, J.), dated December 4, 1985, which granted the petitioner school district's application.

Ordered that the judgment is affirmed, without costs or disbursements.

Special Term granted the petitioner school district's motion to stay arbitration on the ground that the appellant had not complied with a condition precedent to arbitration, i.e., its demand for arbitration was not made within a "reasonable time", as required by the contract between the parties. However, the Court of Appeals has held that whether or not a demand for arbitration is timely is a question for the arbitrator, and not the court (*Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 8). Accordingly, it was error for Special Term to stay arbitration on this ground. Nevertheless, the order appealed from must be affirmed. The petitioner at Special Term, also argued in the alternative that (1) the appellant contractor had not, as required by Education Law § 3813 (1) presented a written notice of claim upon the petitioner within three months after the accrual of the claim, and (2) failure to comply with Education Law § 3813 (1) foreclosed the appellant's right to demand arbitration under the contract.

It is well settled that the issue of compliance with the notice of claim requirement of Education Law § 3813 (1) comes within the purview of the third threshold question which the court must resolve on a motion to stay arbitration, i.e., whether the claim sought to be arbitrated would be barred by limitation of time had it been asserted in a court of this State (*see, Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1; CPLR 7503, 7502; *Matter of Town of Islip v Stoye*, 29 NY2d 524; *Matter of Central School Dist. No. 1 v Double M. Constr. Corp.*, 41 AD2d 771, *affd* 34 NY2d 695). The record indicates that the appellant's claim accrued in July 1982 when it submitted its application for final payment, because at that time the damages sought were ascertainable (*see, Acme Skillman Constr. Co. v Board of Educ.*, 106 AD2d 533; *Matter of Board of Educ. [Wager Constr. Corp.]*, 37 NY2d 283). Since the notice of claim was not presented to the petitioner until October 22, 1984, the appellant did not comply with Education Law § 3813 (1) and it was foreclosed from demanding arbitration (*see, Matter of Town of Islip v Stoye, supra; Matter of Central School Dist. No. 1 v Double M. Constr. Corp., supra; Matter of County of Rockland [Primiano Constr. Co.], supra*). Accordingly, the judgment appealed from, which granted peti-

tioner's motion for a stay of arbitration, must be affirmed. Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.