■ DeFoe Corporation et al., Appellants, v Manitowoc-Forsythe Corporation, Respondent. (And a Third-Party Action.)—In an action to recover damages for breach of a sales contract, the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Gagliardi, J.), entered November 15, 1985, which, *inter alia,* granted the motion of the defendant Manitowoc-Forsythe Corporation for summary judgment dismissing the complaint, and (2) a judgment of the same court, also entered November 15, 1985, thereon.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed

from, on the law, the order is vacated, and the defendant's motion for summary judgment is denied; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, *Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

It is well established that "[s]ummary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of triable issues" *(DAL Constr. Corp. v City of New York,* 108 AD2d 892, 894; see also, *Rotuba Extruders v Ceppos,* 46 NY2d 223). In order to obtain summary judgment, it is necessary that the movant establish his cause of action or defense sufficiently to warrant the court, as a matter of law, in directing judgment in his favor (see, CPLR 3217; *Computer Strategies v Commodore Business Machs.,* 105 AD2d 167, 175, *rearg denied and appeal denied* 110 AD2d 743).

At bar it is undisputed that the plaintiffs contracted to purchase 35-ton cranes owing to an impending union requirement that cranes with a lifting capacity in excess of 35 tons must be manned with two men. The defendant supplied them with cranes having the capacity to lift in excess of 40 tons but which had been rerated by the manufacturer as being 35-ton cranes. The union contends that the cranes in question were not 35-ton machines.

Special Term properly found that the cranes may not legally be used to lift loads in excess of the manufacturer's rated capacity of the cranes, that is, 35 tons (see, 29 CFR 1910.180 *et seq.;* 12 NYCRR 23-8.1 *et seq.).* However, in the absence of evidence that the manufacturer's rated capacity is determinative within the industry of what is considered a 35-ton crane, we find that there are, nevertheless, issues of fact as to whether the plaintiffs received what the seller in essence agreed to sell (see, UCC 2-313, comment 3; 2-315, comment 1; *Emerald Painting v PPG Indus.,* 99 AD2d 891; *Berton Plastics v Chemung Fiberglass Prods.,* 96 AD2d 665). In fact, the position taken by the union is itself some evidence that the description of the cranes in accordance with the manufacturer's rated capacity might not be in conformity with trade usage.

Accordingly, we find that the issues raised in the instant action should not have been decided summarily. Bracken, J. P., Brown, Niehoff and Kooper, JJ., concur.