■ TOWN OF SMITHTOWN, Appellant, v JET PAPER STOCK CORP., Respondent.

The court properly denied that branch of the motion of the plaintiff Town which was to dismiss the defendant's counterclaims based upon a failure to file a notice of claim and properly granted the defendant leave to serve a late notice of claim and an amended answer. Although a number of disputes arose between the parties in connection with the performance of contracts to remove recyclable materials from the Town's facility, the defendant continued to remove materials from the Town and the parties negotiated in an effort to resolve their differences. It was not until negotiations broke down that the Town commenced a breach of contract action. The defendant interposed a number of defenses and counterclaims without first filing a notice of claim. Under the circumstances, we find that the Town should be estopped from raising the defendant's failure to file a notice of claim *(see, Kartiganer Assocs. v Town of Newburgh,* 57 AD2d 857; *Aqua Dredge v Little Harbor Sound Civic Improvement Assn.,* 114 AD2d 825, 826; *see also, Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662; *Frink v Town of Amenia,* 91 Misc 2d 491; *McCabe v Nassau County Med. Center,* 453 F2d 698; *Byram Riv. v Village of Port Chester,* 394 F Supp 618). The Town had actual, timely knowledge of the defendant's claims and was not prejudiced by the lack of a formal notice of claim. In addition, the defendant apparently relied in good faith on the Town's entreaties to negotiate, not retaining counsel until very late in the process. Moreover, as the Town is pursuing claims under the same contracts as the defendant is pursuing counterclaims, the Town's reliance upon the notice of claim requirement is more in the nature of a sword than a shield.

With regard to the substance of the defendant's counter-

claims and affirmative defenses concerning express and implied warranties, commercial impracticability, and the interpretation of the price terms of the contracts, which we find to be ambiguous, there are issues of fact precluding summary judgment *(see, Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172; *DeFoe Corp. v Manitowoc-Forsythe Corp.,* 129 AD2d 607; *Fil-Coil Co. v International Power Sys. Equip. Corp.,* 123 AD2d 599; *D.C. Leathers v Gelmart Indus.,* 125 AD2d 738). Mangano, P. J., Kunzeman, Eiber and Balletta, JJ., concur.