■ In the Matter of HARTSDALE FIRE DISTRICT, Appellant, v EASTLAND CONSTRUCTION, INC., Respondent. [886 NYS2d 454]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioner appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered October 2, 2008, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

In the instant matter involving a dispute between the petitioner and the respondent, Eastland Construction, Inc. (hereinafter Eastland), over the parties' obligations pursuant to a construction contract, Eastland never served a notice of claim pursuant to Town Law § 180. Since serving a notice of claim is a condition precedent to commencing an action or seeking arbitration under a contract (*see Matter of Elmont Fire Dist. v Lapeka Constr. Corp.*, 232 AD2d 636 [1996]), the petitioner's defense based upon failure to serve a notice of claim was apparent once Eastland moved to compel arbitration and then commenced an action without serving a notice of claim. Contrary to the assertion of our dissenting colleague, the defense did not arise when the time to file the notice of claim expired, but when Eastland moved to compel arbitration and then commenced an action without complying with the condition precedent of serving a notice of claim.

The petitioner responded by moving to compel arbitration. The petitioner also counterclaimed in Eastland's action to recover damages in the sum of $1,195,000. Upon the granting of its motion to compel arbitration, the petitioner participated in the preparations for arbitration. Contrary to the conclusion of our dissenting colleague, this response cannot be characterized

as mere delay in raising the defense of failure to serve a notice of claim.

On the eve of the arbitration hearing, the petitioner moved to stay arbitration, on the ground that the time to serve a notice of claim had expired. The petitioner's conduct in moving to compel arbitration initially demanded by Eastland and preparing for arbitration, constituted misleading conduct which estopped the petitioner from raising the notice of claim requirement (*see Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 668 [1976]; *Town of Smithtown v Jet Paper Stock Corp.*, 179 AD2d 634 [1992]).

Since the petitioner secured definitive relief in the form of an order compelling arbitration, our dissenting colleague acknowledges that the petitioner "is in no position to rely upon its failure to enter judgment to defeat Eastland's assertion of judicial estoppel." Indeed, application of the doctrine of judicial estoppel does not require entry of a judgment (*see D & L Holdings v Goldman Co.*, 287 AD2d 65, 72 [2001]). "Under the doctrine of judicial estoppel, or estoppel against inconsistent positions, a party is precluded from inequitably adopting a position directly contrary to or inconsistent with an earlier assumed position in the same proceeding" (*Maas v Cornell Univ.*, 253 AD2d 1, 5 [1999], *affd* 94 NY2d 87 [1999]).

Contrary to the conclusion of our dissenting colleague, the position taken by the petitioner in its motion to compel arbitration was plainly inconsistent with its current position that arbitration should be permanently stayed based upon Eastland's failure to serve a notice of claim. Accordingly, the petitioner is estopped from seeking a permanent stay of arbitration based upon the failure to serve a notice of claim.

The petitioner's remaining contentions are without merit or need not be addressed in light of our determination. Angiolillo, Chambers, and Lott, JJ., concur.

Spolzino, J.P., dissents, and votes to reverse the order and grant the petition, with the following memorandum: I do not agree that the petitioner, Hartsdale Fire District, either waived its notice of claim defense by participating in the arbitration of this matter or should be estopped from raising that defense by reason of its earlier demand for the arbitration. In my view, the petitioner's conduct here does not fall within the limited circumstances in which a notice of claim defense may be waived, and the estoppel argument rests, erroneously, on acts that occurred before the notice of claim defense arose. Since that defense is an absolute bar to recovery by the respondent Eastland Construction, Inc. (hereinafter Eastland), and we have

no authority either to extend Eastland's time to file the notice of claim or to absolve it of its failure to do so, the petitioner was entitled to the permanent stay it requested, however harsh that result may be. I therefore dissent, respectfully.

As a general rule, a defense may be waived by failing to assert it in an arbitration (*see Matter of Basil Castrovinci Assoc., Inc. v District 65 Pension Plan,* 16 AD3d 493, 494 [2005]; *Greenwald v Greenwald,* 304 AD2d 790 [2003]; *Matter of Allstate Ins. Co. v Khait,* 227 AD2d 551 [1996]). But these authorities, upon which the majority relies, do not address a notice of claim defense. A notice of claim defense·is different. It cannot be waived (*see Badgett v New York City Health & Hosps. Corp.,* 227 AD2d 127, 128 [1996]; *Reaves v City of New York,* 177 AD2d 437 [1991]), even by participation in the litigation (*see Laroc v City of New York,* 46 AD3d 760, 761 [2007]), unless there is an express agreement that the statutory notice of claim requirement is inapplicable, "the parties have set out detailed procedures which are plainly inconsistent with" the requirement (*Davis-Wallbridge, Inc. v City of Syracuse,* 71 NY2d 842, 844 [1988] [internal quotation marks omitted]), or the defense was not raised before the Supreme Court (*see Smith v Sagistano,* 186 AD2d 180, 182 [1992]). None of these circumstances apply here.

There is no authority for the departure from this no-waiver rule in an arbitration, and CPLR 7503, which is the statutory basis for an application to permanently stay arbitration for failure to file a notice of claim (*see Board of Educ. of Half Hollow Hills .Cent. School Dist. v Zanghi Constr. Corp.,* 127 AD2d 725, 726 [1987]), does not provide such authority. Although it allows relief only to "a party who has not participated in the arbitration and who has not made or been served with an application to compel arbitration" (CPLR 7503 [b]), nothing in CPLR 7503 (b) suggests that the Legislature intended by that broad language to abrogate in the arbitration context the general rule prohibiting the waiver of the notice of claim defense. To read the statutory limitation as doing so, moreover, would penalize the governmental party which seeks arbitration by stripping it of a defense that could be asserted in litigation even as late as the time of trial (*see Wade v New York City Health & Hosps. Corp.,* 16 AD3d 677 [2005]). There is nothing in the statute that suggests any such purpose on the part of the Legislature.

Contrary to the conclusion reached by my colleagues, equitable estoppel also is not available to save Eastland's claim. Estoppel against a governmental entity, while rare (*see Matter of Griffith v Staten Is. Rapid Transp. Operating Auth.,* 269 AD2d 596, 597 [2000]; *International Merchants v Village of Old*

*Field,* 203 AD2d 247, 248 [1994]), is appropriate "where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice, that subdivision should be estopped from asserting a right or defense which it otherwise could have raised" (*Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668 [1976]). Critically, however, affirmative conduct on the part of the governmental actor is required (*see Power Cooling, Inc. v Board of Educ. of City of N.Y.,* 48 AD3d 536, 537 [2008]; *Consolidated Constr. Group, LLC v Bethpage Union Free School Dist.,* 39 AD3d 792, 795 [2007]; *Mello v Hicksville Union Free School Dist. No. 17,* 51 AD2d 580 [1976], *affd on mem below* 41 NY2d 927 [1977]). "Only a showing of fraud, misrepresentation, deception, or similar affirmative misconduct, along with reasonable reliance thereon, will justify the imposition of estoppel" (*Yassin v Sarabu,* 284 AD2d 531 [2001]). Mere delay in raising the notice of claim defense is not enough (*see ADC Contr. & Constr., Inc. v Town of Southampton,* 45 AD3d 614, 615 [2007]). There is no claim here of anything other than delay on the part of the petitioner.

Eastland's judicial estoppel argument is equally unavailing. "Judicial estoppel, or the doctrine of inconsistent positions, precludes a party who assumed a certain position in a prior legal proceeding and who secured a judgment in his or her favor from assuming a contrary position in another action simply because his or her interests have changed" (*Ford Motor Credit Co. v Colonial Funding Corp.,* 215 AD2d 435, 436 [1995]). Although the petitioner's argument that it did not secure a judgment does not, on the facts here, preclude applying judicial estoppel, there is no basis on this record to bar it from asserting the notice of claim defense.

The petitioner correctly asserts that "securing a judgment" is a necessary element of the judicial estoppel rule (*see Yemini v Goldberg,* 60 AD3d 935 [2009]; *Matter of One Beacon Ins. Co. v Espinoza,* 37 AD3d 607, 608 [2007]; *Matter of State Farm Mut. Auto. Ins. Co. v Allston,* 300 AD2d 669, 670 [2002]; *Bono v Cucinella,* 298 AD2d 483, 484 [2002]). Here, however, while the petitioner obtained an order granting its motion to compel arbitration, it never entered judgment, despite the fact that an application to compel arbitration is made in a special proceeding (*see* CPLR 7502 [a]) and a special proceeding ends in a judgment (*see* CPLR 411). Thus, the petitioner is in no position to rely upon its failure to enter judgment to defeat Eastland's assertion of judicial estoppel.

Eastland's judicial estoppel argument rests on the petitioner's assertions in support of its application to compel arbitration that the parties' dispute is subject to a valid arbitration agreement, that it should be resolved in that forum, and that Eastland's claim is not subject to a statute of limitations defense. These assertions, however, are not inconsistent with its present assertion of a notice of claim defense. Eastland's failure to file a timely notice of claim may bar its recovery, but it does not invalidate the arbitration agreement or make arbitration a less effective forum. The notice of claim requirement is not a statute of limitations (*see Barchet v New York City Tr. Auth.*, 20 NY2d 1, 6 [1967]; *County of Westchester v Edo Corp.*, 83 AD2d 829 [1981]); it is a condition precedent (*see Davidson v Bronx Mun. Hosp.*, 64 NY2d 59, 61 [1984]; *Matter of Smith v Baldwin Union Free School Dist.*, 63 AD3d 1078 [2009]; *Mohl v Town of Riverhead*, 62 AD3d 969 [2009]).

Eastland's real argument is that the petitioner should not be permitted to seek a permanent stay of the arbitration that it previously sought to compel. That argument makes sense, however, only if the facts relevant to the notice of claim defense were the same when the petitioner asserted the defense, as they were at the time it demanded the arbitration. But they were not. At the time the petitioner moved to compel arbitration, it had no notice of claim defense; that defense did not arise until, at the earliest, six months later, once the time to file the notice of claim had lapsed. Thus, to prevent the petitioner from raising the notice of claim defense because it had earlier moved to compel arbitration is to hold that a public entity must abandon its contractual right to arbitration if it wishes to preserve a notice of claim defense that may or may not arise in the future. There is simply no basis for requiring such a choice. Moreover, contrary to Eastland's argument, the petitioner's conduct in connection with the notice of claim defense was not erratic at all, even assuming erratic behavior is a basis for the imposition of estoppel. The petitioner simply waited until it had a valid defense before asserting it. That is good lawyering, not erratic behavior.

Neither *Town of Smithtown v Jet Paper Stock Corp.* (179 AD2d 634 [1992]) nor *Lebanon Val. Landscaping v Town of Nassau* (192 AD2d 902 [1993]) require a different result. Both of those decisions, one by our Court and the other by our colleagues in the Appellate Division, Third Department, rely on the Town's knowledge of the claim and the resulting lack of prejudice to justify rejection of the notice of claim defense. The Town's prior knowledge of a claim, however, does not preclude

its assertion of a notice of claim defense (see *Varsity Tr., Inc. v Board of Educ. of City of N.Y.,* 5 NY3d 532, 536 [2005]; *Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539, 548 [1983]; *Walter H. Poppe Gen. Contr. v Town of Ramapo,* 280 AD2d 667 [2001]). Since the petitioner "neither waived its rights nor engaged in conduct that induced the plaintiff not to comply with the statutory requirements," these authorities are inapposite (*ADC Contr. & Constr., Inc. v Town of Southampton,* 45 AD3d 614, 615 [2007]).

The simple, unavoidable and dispositive fact is that Eastland did not file a verified notice of claim as required by Town Law § 180. We have no authority to disregard that failure (see *Matter of Elmont Fire Dist. v Lapeka Constr. Corp.,* 232 AD2d 636, 637 [1996]; *Perritano v Town of Mamaroneck,* 170 AD2d 443, 444 [1991]; *Wm. H. Clark Mun. Equip. v Town of La Grange,* 170 AD2d 831, 832 [1991]; *Aqua Dredge v Little Harbor Sound Civic Improvement Assn.,* 114 AD2d 825, 826 [1985]) or to extend the time within which the notice can be filed (see *Mohl v Town of Riverhead,* 62 AD3d 969 [2009]). "Although technical defenses in abatement are not favored where prejudice has not resulted, courts may not relieve a litigant of a positive statutory mandate, even to avoid a harsh result" (*P. J. Panzeca, Inc. v Board of Educ., Union Free School Dist. No. 6, Towns of Islip & Smithtown,* 29 NY2d 508, 510 [1971]; see *Ponsrok v City of Yonkers,* 254 NY 91, 95 [1930]; *Perritano v Town of Mamaroneck,* 170 AD2d 443 [1991]; *Aqua Dredge v Little Harbor Sound Civic Improvement Assn.,* 114 AD2d 825 [1985]). As a result, the petitioner is entitled to the stay of arbitration it sought (see *Matter of Elmont Fire Dist. v Lapeka Constr. Corp.,* 232 AD2d at 637; *Matter of Town of Islip v Stoye,* 29 NY2d 524, 526 [1971]; *Board of Educ. of Half Hollow Hills Cent. School Dist. v Zanghi Constr. Corp.,* 127 AD2d 725, 726 [1987]; CPLR 7502 [b]). I, therefore, dissent, respectfully.