Riconda v Liberty Ins. Underwriters, Inc. (2020 NY Slip Op 05961)





Riconda v Liberty Ins. Underwriters, Inc.


2020 NY Slip Op 05961


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-13835
 (Index No. 3655/12)

[*1]Emma Riconda, etc., appellant, 
v
Liberty Insurance Underwriters, Inc., respondent.


White & Case LLP, New York, NY (Joshua A. Berman, Kimberly A. Haviv, and Laura R. Logsdon of counsel), for appellant.
D'Amato & Lynch LLP (Kaufman Borgeest & Ryan LLP, Valhalla, NY [Jacqueline Mandell and Matthew Mawby], of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and breach of the covenant of good faith and fair dealing, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Jerry Garguilo, J.), entered October 10, 2018. The judgment, upon a jury verdict in favor of the plaintiff awarding damages in the principal sum of $2,282,000, and upon two orders of the same court dated September 7, 2018, and October 4, 2018, respectively, granting that branch of the defendant's motion which was pursuant to CPLR 4404(a) to set aside the jury's verdict in favor of the plaintiff and against it and for judgment as a matter of law dismissing the complaint, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff's contention that the Supreme Court erred in applying the doctrine of judicial estoppel to the facts of this case is without merit. Contrary to the plaintiff's contention, "application of the doctrine of judicial estoppel does not require entry of a judgment" (Matter of Hartsdale Fire Dist. v Eastland Constr., Inc., 65 AD3d 1345, 1346; see Cobenas v Ginsburg Dev. Cos., LLC, 133 AD3d 812, 813; D & L Holdings v Goldman Co., 287 AD2d 65, 71-72). The plaintiff's further contention, that the defendant waived its argument that judicial estoppel was applicable to certain trial testimony, is belied by the record and without merit.
The plaintiff's remaining contentions are without merit.
Accordingly, we affirm the judgment.
ROMAN, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court