State Farm Fire & Cas. Co. v Dan Heller Plumbing & Heating, Inc. (2025 NY Slip Op 06635)

State Farm Fire & Cas. Co. v Dan Heller Plumbing & Heating, Inc.

2025 NY Slip Op 06635

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2022-06670
 (Index No. 611801/16)

[*1]State Farm Fire & Casualty Company, etc., appellant,
v
Dan Heller Plumbing and Heating, Inc., et al., defendants, Brownstones Coffee, Inc., et al., respondents.

Law Offices of Stuart D. Markowitz P.C. (Thomas Torto, New York, NY, of counsel), for appellant.
Farber Brocks & Zane LLP, Garden City, NY (Alyssa L. Herms of counsel), for respondent Brownstones Coffee, Inc.
Barbiero, Bisch, O'Connor & Commander LLP, Melville, NY (Kathleen Commander of counsel), for respondent County Fare Market, Inc.

DECISION & ORDER
In a subrogation action to recover insurance benefits paid by the plaintiff under a certain insurance policy to the plaintiff's insured, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated July 18, 2022. The order, insofar as appealed from, granted those branches of the separate motions of the defendant Brownstones Coffee, Inc., and the defendant Country Fare Market, Inc., which were for summary judgment dismissing the third amended complaint insofar as asserted against each of them and denied the plaintiff's separate cross-motions for summary judgment dismissing those defendants' affirmative defenses asserting that the third amended complaint is barred insofar as asserted against each of those defendants by waiver of subrogation clauses contained in certain leases.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
In August 2015, a fire occurred at commercial premises owned by the plaintiff's subrogor, New Age Management, LLC (hereinafter New Age), and leased by the defendant Brownstones Coffee, Inc. (hereinafter Brownstones), and the defendant Country Fare Market, Inc. (hereinafter Country Fare). Thereafter, the plaintiff commenced this subrogation action against Country Fare and Brownstones, among others, to recover insurance benefits it paid under a certain insurance policy to its insured, New Age.
Several other related actions were commenced, including a subrogation action brought by Brownstones' insurer, Utica First Insurance Company (hereinafter Utica First), against New Age, among others, and a subrogation action brought by Country Fare's insurer, Graphic Arts Mutual Insurance Company (hereinafter Graphic Arts), against New Age, among others. These related actions eventually were joined for all purposes with this action. New Age separately moved for summary judgment dismissing the complaints of Utica First and Graphic Arts insofar as asserted [*2]against it in the joint actions, arguing that the waiver of subrogation clauses in its respective leases with Brownstones and Country Fare precluded the actions brought by Utica First and Graphic Arts. In an order dated July 12, 2022, the Supreme Court granted New Age's separate motions for summary judgment dismissing the complaints of Utica First and Graphic Arts insofar as asserted against it, determining that the actions were precluded by the waiver of subrogation clauses contained in the relevant leases.
Brownstones and Country Fare separately moved, among other things, for summary judgment dismissing the plaintiff's third amended complaint insofar as asserted against each of them. Brownstones and Country Fare argued, inter alia, that the third amended complaint was barred insofar as asserted against each of them by the waiver of subrogation clauses contained in their respective leases with New Age. Subsequently, the plaintiff separately cross-moved for summary judgment dismissing the affirmative defenses of Brownstones and Country Fare asserting that the third amended complaint was barred insofar as asserted against each of them by the waiver of subrogation clauses contained in their respective leases with New Age. In an order dated July 18, 2022, the Supreme Court, among other things, granted those branches of the separate motions of Brownstones and Country Fare and denied the plaintiff's separate cross-motions. The plaintiff appeals.
The Supreme Court properly granted those branches of the motions of Brownstones and Country Fare which were for summary judgment dismissing the third amended complaint insofar as asserted against each of them. "Under the doctrine of judicial estoppel, or estoppel against inconsistent positions, a party is precluded from inequitably adopting a position directly contrary to or inconsistent with an earlier assumed position in the same proceeding" (Cobenas v Ginsburg Dev. Cos., LLC, 133 AD3d 812, 813 [internal quotation marks omitted]; see McEvoy v McEvoy, 219 AD3d 1513, 1516). The doctrine further "precludes a party who assumed a position in one legal proceeding and prevailed in maintaining that position from assuming a contrary position in another proceeding simply because the party's interests have changed" (Cussick v R.L. Baxter Bldg., Corp., 228 AD3d 614, 616 [internal quotation marks omitted]; see McGlynn v Burns & Harris, Esq., 223 AD3d 733, 735). "The twin purposes of the doctrine are to protect the integrity of the judicial process and to protect judicial integrity by avoiding the risk of inconsistent results" (Cussick v R.L. Baxter Bldg. Corp., 228 AD3d at 616 [internal quotation marks omitted]; see Flanders v E.W. Howell Co., LLC, 193 AD3d 822, 823).
Here, the plaintiff's subrogor, New Age, argued in support of its motions for summary judgment against Utica First and Graphic Arts that the joint actions were barred insofar as asserted against it by the same waiver of subrogation clauses at issue in the subject motions and cross-motions. The plaintiff's position is inconsistent with that previously advanced by New Age, its subrogor, and is, therefore, precluded by the doctrine of judicial estoppel. Moreover, contrary to the plaintiff's contention, when applied within the same proceeding, the doctrine of judicial estoppel does not require that a final determination have been rendered (see Riconda v Liberty Ins. Underwriters, Inc., 187 AD3d 1081, 1082; Matter of Hartsdale Fire Dist. v Eastland Constr., Inc., 65 AD3d 1345, 1346). In any event, before the separate motions and cross-motions were decided, the Supreme Court made a final determination adopting New Age's argument that the waiver of subrogation clauses were enforceable by granting New Age's separate motions for summary judgment dismissing the complaints of Utica First and Graphic Arts insofar as asserted against it (see H & R Block Bank v Page, 199 AD3d 780, 783; Matter of Arriaga v Dukoff, 123 AD3d 1023, 1025-1026, affd 28 NY3d 1). Accordingly, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law dismissing the affirmative defenses of Brownstones and Country Fare asserting that the third amended complaint is barred insofar as asserted against each of them by the waiver of subrogation clauses contained in their respective leases with New Age, and the court properly denied the plaintiff's separate cross-motions for summary judgment dismissing the affirmative defenses of Brownstones and Country Fare asserting that the third amended complaint is barred insofar as asserted against each of them by the waiver of subrogation clauses contained in their respective leases with New Age without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 852).
"[An] insurer can only recover if the insured could have recovered and its claim as subrogee is subject to whatever defenses the third party might have asserted against its insured" (Westport Ins. Co. v Altertec Energy Conservation, LLC, 82 AD3d 1207, 1209 [internal quotation marks omitted]; cf. Morin v Morin, 197 AD3d 1171, 1173). Here, Brownstones and Country Fare established their prima facie entitlement to judgment as a matter of law dismissing the third amended complaint insofar as asserted against each of them on the ground that the third amended complaint is barred insofar as asserted against each of them by the waiver of subrogation clauses contained in their respective leases with New Age. In opposition, the plaintiff failed to raise a triable issue of fact (see H & R Block Bank v Page, 199 AD3d at 783; Flanders v E.W. Howell Co., LLC, 193 AD3d at 824), and was barred by the doctrine of judicial estoppel from contesting the enforceability of the waiver of subrogation clauses contained in the relevant leases in support of its separate cross-motions for summary judgment dismissing the affirmative defenses of Brownstones and Country Fare asserting that the third amended complaint is barred insofar as asserted against each of them by the waiver of subrogation clauses contained in their respective leases with New Age. Accordingly, the Supreme Court properly granted those branches of the separate motions of Brownstones and Country Fare which were for summary judgment dismissing the third amended complaint insofar as asserted against each of them.
In light of our determination, we need not reach the plaintiff's remaining contentions.
LASALLE, P.J., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court