■ FRANZA'S UNIVERSAL SCRAP METAL, INC., Respondent, v TOWN OF ISLIP, Appellant. — In a breach of contract action, defendant appeals from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated June 11, 1981, as, in effect, denied defendant's cross motion to dismiss the action because of plaintiff's failure to serve a notice of claim against it pursuant to the requirements of subdivision 3 of section 65 of the Town Law and extended plaintiff's time within which to file said notice of claim. Order reversed insofar as appealed from, on the law, without costs or disbursements, and cross motion granted. The plaintiff entered into a contract with the defendant town for the exclusive right to process, reclaim and remove certain types of recyclable solid waste products from the town's solid waste disposal facility. The term of the contract was five years, beginning on July 1, 1977. The plaintiff agreed to

purchase the waste products at stipulated prices and the defendant agreed to allow plaintiff to enter the facility and to set up certain of its equipment for reclaiming waste at that site. Plaintiff alleges that on or about September 24, 1980 defendant began breaching its contract by independently disposing of paper goods and other materials covered thereby. On April 21, 1981 plaintiff commenced this action by service of a summons only, stating that the nature of the action was breach of contract and that the relief sought was money damages and injunctive relief. The defendant moved to dismiss upon the ground that plaintiff had failed to file a notice of claim in accordance with the provisions of subdivision 3 of section 65 of the Town Law, which is a condition precedent to the maintenance of an action against a town arising out of contract. Special Term, in effect, denied dismissal, stating that it would "allow an extension of the statutory time period and direct the plaintiff to serve a notice of claim upon the defendant town within twenty (20) days of receipt of this order." This was error since, unlike the provisions of subdivision 5 of section 50-e of the General Municipal Law dealing with notices of claim against public corporations arising in tort, section 65 of the Town Law contains no grant of authority to the courts to extend the time for filing of a notice of claim against a town arising out of a contractual dispute. Accordingly, an extension should not have been granted. We note, however, that the wrong complained of here is a continuing one and gives rise to the accrual of successive causes of action for each day's breach of the town's duties under the contract (cf. *Airco Alloys Div. v Niagara Mohawk Power Corp.*, 76 AD2d 68, 80; 17 Am Jur 2d, Contracts, §§ 445-447; Simpson, Contracts [2d ed], § 188). Where such is the case, a notice of claim filed more than the statutory period after the initial breach is nevertheless good for breaches occurring within the statutory period prior to its filing. Subdivision 3 of section 65 of the Town Law requires that a notice of claim be filed within six months of the accrual of a cause of action arising out of a contract entered by a town. It appears that on May 8, 1981 plaintiff filed a notice of claim alleging that the initial breach of the contract in question occurred on September 24, 1980 and was then presently continuing. Such notice of claim was therefore effective as to breaches occurring within the six-month period prior to its filing and plaintiff may commence a new action to recover damages therefor. Titone, J. P., Lazer, Brown and Niehoff, JJ., concur.