■ AQUA DREDGE, INC., Respondent, v LITTLE HARBOR SOUND CIVIC IMPROVEMENT ASSOCIATION, INC., et al., Defendants, and TOWN OF MAMARONECK, Appellant.—In an action to recover

damages, *inter alia,* for breach of contract, defendant Town of Mamaroneck appeals from an order of the Supreme Court, Westchester County (Dickinson, J.), entered March 27, 1984, which denied its motion to dismiss the complaint as against it for plaintiff's failure to file a verified notice of claim in accordance with Town Law § 65 (3).

Order reversed, on the law, with costs, motion granted, action dismissed as against appellant, and action as against the remaining defendants severed.

Plaintiff failed to file a verified notice of claim with the Town Clerk in accordance with Town Law § 65 (3) within six months after accrual of its causes of action against the Town of Mamaroneck for breach of contract. Unlike the provisions of General Municipal Law § 50-e (6) granting the court authority to excuse, in a proper case, the lack of verification of a notice of claim against public corporations arising in tort *(see, Matter of Moore v New York City Hous. Auth.,* 35 AD2d 553), Town Law § 65 contains no comparable provision. Consequently, the court lacks authority to disregard the lack of verification of a notice of claim against a town arising out of a contractual dispute *(see, Braslow v Barnett,* 74 Misc 2d 26; *cf. Geelan v St. Patrick's Church,* 179 Misc 432; *Franza's Universal Scrap Metal v Town of Islip,* 89 AD2d 843). Accordingly, plaintiff's attorney's unverified letters of August 11 and 31, notifying the Town Administrator and the Town Attorney of plaintiff's claim and intention to commence legal proceedings, do not substantially comply with Town Law § 65 (3).

While it is true that a municipality may be estopped from asserting plaintiff's noncompliance with a notice of claim statute *(see, Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668), the Town Attorney's letter of August 16 is no basis upon which to predicate an estoppel as the representation relied upon by plaintiff to delay the commencement of legal proceedings against the town ceased to be operational within a reasonable time prior to the expiration of the applicable six-month period of limitations *(see, Simcuski v Saeli,* 44 NY2d 442, 449-450; *Provosty v Hall Hosp.,* 91 AD2d 658, 659-660, *affd* 59 NY2d 812; *509 Sixth Ave. Corp. v New York City Tr. Auth.,* 24 AD2d 975; *Robinson v City of New York,* 24 AD2d 260, 261-263; *see also, Plaintiff's Diligence as Affecting His Right to Have Defendant Estopped from Pleading the Statute of Limitations,* Ann., 44 ALR3d 760, 768-774, §§ 5, 6; *cf. Kartiganer Assoc. v Town of Newburgh,* 57 AD2d 857; *Debes v Monroe County Water Auth.,* 16 AD2d 381). O'Connor, J. P., Rubin, Eiber and Kunzeman, JJ., concur.