■ PAUL E. SCHWEIGERT, Appellant, v TOWN OF NEWFANE et al., Respondents. (Appeal No. 1.)—Judgment unanimously affirmed without costs. Memorandum: Town Law § 65 (3) provides in pertinent part that "no action shall be maintained against a town upon or arising out of a contract entered into by the town * * * unless a written verified claim shall have been filed with the town clerk within six months after the cause of action shall have accrued, but no such action shall be brought upon any such claim until forty days have elapsed after the filing of the claim in the office of the town clerk."

Concededly, plaintiff did not serve a notice of claim, but did

commence an action within six months. Plaintiff's argument that service of a summons and complaint is the equivalent of a notice of claim is rejected. To allow the summons and complaint to substitute for the notice of claim would render meaningless that portion of the statute which requires a 40-day waiting period following the filing of the notice of claim before an action may be commenced (cf., *Frink v Town of Amenia*, 91 Misc 2d 491).

On appeal, plaintiff asserts for the first time that his second cause of action for wrongful discharge is not a contract claim and, therefore, is not subject to the notice of claim provisions of Town Law § 65 (3). Plaintiff failed to raise this argument at Special Term and, therefore, it is not preserved for review. In any event, such a claim would be subject to a notice of claim requirement (see, Town Law § 67 [1]), which provides that notice of a tort claim against the town must be served in compliance with General Municipal Law § 50-e. Plaintiff's belated argument on this issue is unavailing. (Appeal from order of Supreme Court, Niagara County, Koshian, J.—dismiss complaint.) Present—Dillon, P. J., Doerr, Pine, Balio and Lawton, JJ.