substantial evidence cases *(see, Matter of Rosario v Selsky,* 162 AD2d 939; *Matter of McIntosh v Coughlin,* 155 AD2d 762). However, here Supreme Court found the lapse by the Hearing Officer in the first administrative hearing to be a procedural one and, therefore, the *Hartje* rule was not implicated. We agree. *Matter of Hartje* does not limit the power of an agency to conduct a new hearing before it issues a final determination and before an inmate seeks judicial review *(cf., Matter of Kalonji v Coughlin,* 157 AD2d 941). Administrative agencies have inherent authority to reconsider a prior determination which is not final *(Matter of Gonzalez v Jones,* 115 AD2d 849, 850). An agency should be permitted to complete its deliberation in a case before a right to judicial intervention ripens. Judicial review of nonfinal agency determinations is thus denied until a final record is compiled *(see, e.g., Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 520).

We agree with Supreme Court that the rule articulated in *Matter of Hartje* is not applicable in the instant circumstances. Therefore, petitioner's request for class action status was also properly denied. Petitioner's allegations of bias on the part of the Hearing Officer are not supported in the record and thus no ground for his removal has been established. Petitioner's other issues are likewise without merit and we decline to discuss them.

Judgment affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.

■ Wм. H. CLARK MUNICIPAL EQUIPMENT, INC., Respondent-Appellant, v TOWN OF LA GRANGE, Appellant-Respondent.— Weiss, J. Cross appeals (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Beisner, J.), entered December 21, 1989 in Dutchess County, which, *inter alia,* granted defendant's motion to dismiss the complaint for failure to file a notice of claim, without prejudice.

On March 1, 1988, plaintiff submitted three different written proposals to sell defendant a street-sweeping machine. On March 15, 1988, defendant's Superintendent of Highways wrote plaintiff advising that defendant's Town Board had awarded it the bid for the sum of $31,780. The machine was delivered on April 12, 1988 and registered in defendant's name on April 14, 1988. Despite plaintiff's oral and written demands, payment has not been made. Defendant contends that it orally notified plaintiff that the machine was defective, that payment would not be made and that plaintiff should

take it back. The complaint alleges causes of action for goods sold and delivered, an account stated and breach of contract. Supreme Court granted defendant's motion to dismiss the complaint for plaintiff's failure to comply with Town Law § 65 (3), but did so without prejudice. The court also denied plaintiff's cross motion for an order directing defendant to accept its verified claim. These cross appeals ensued.

Plaintiff contends that Town Law § 65 (3) is not a bar to the first cause of action seeking recovery for goods sold and delivered. That statute provides that "no action shall be maintained against a town upon or *arising out of a contract* entered into by the town unless * * * commenced within eighteen months after the cause of action thereof shall have accrued, *nor unless a written verified claim shall have been filed with the town clerk* within six months after the cause of action shall have accrued" (emphasis supplied). Plaintiff contends that the first cause of action is "quasi-contractual in nature" and grounded upon an "obligation imposed by law". We find this argument disingenuous since each of plaintiff's proposals to sell contained the following language: "This Proposal when accepted by the purchaser *shall constitute a contract*" (emphasis supplied). Plaintiff's attempts to construe the undisputed facts as a cause of action other than one *arising out of a contract* are without merit. Courts have no authority to disregard lack of compliance with Town Law § 65 (3) *(see, Aqua Dredge v Little Harbor Sound Civic Improvement Assn.,* 114 AD2d 825, 826). We find little merit to the second cause of action for an account stated since defendant consistently rejected demands for payment *(see, Marino v Watkins,* 112 AD2d 511; 1 NY Jur 2d, Accounts and Accountings, § 10, at 163).

As the entirety of the dispute in the first three causes of action arises out of the contract, Supreme Court correctly held that Town Law § 65 (3) mandates dismissal. We further find that Town Law § 65 (3) equally applies to plaintiff's proposed amended complaint and warrants denial of plaintiff's cross motion to amend. Plaintiff seeks merely to restate the claim, the gravamen of which remains breach of contract.

Defendant cross-appealed from that portion of the order which held the dismissal to be without prejudice. Supreme Court found that the voucher and audit provisions of Town Law §§ 118 and 119 were, in effect, a condition precedent to the accrual of the time period under Town Law § 65 (3). We disagree. Plaintiff's cause of action accrued when the instant dispute arose with the unambiguous refusal to pay. Accord-

ingly, the cross appeal seeking dismissal with prejudice is granted.

Order modified, on the law, without costs, by deleting therefrom the phrase "without prejudice" upon granting defendant's motion, and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.

(February 21, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID KEARNEY, Appellant.—Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered February 6, 1987, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant's only contention on appeal is that his sentence of 4 to 8 years' imprisonment should be reduced in the interest of justice. Not only did defendant plead guilty knowing that he would receive the sentence ultimately imposed by County Court, but his sentence was well within the range permissible for a second felony offender (Penal Law § 70.06 [3] [c]; [4]). Under the circumstances and given defendant's criminal record, which includes convictions for crimes similar to the crime for which he is now convicted, it cannot be said that County Court abused its discretion in imposing sentence or that the sentence was harsh or excessive (see, People v Gray, 131 AD2d 590; People v Neira, 130 AD2d 518, lv denied 70 NY2d 715).

Judgment affirmed. Casey, J. P., Weiss, Mercure, Crew III, and Harvey, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NANNETTE WARD, Appellant.—Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered December 8, 1988, convicting defendant upon her plea of guilty of the crime of robbery in the second degree.

Defendant claims that County Court should have conducted a limited interrogation, if not a full evidentiary hearing, before it sentenced her to a term of imprisonment greater than that to which the court agreed at the time of her plea. Prior to imposing sentence, County Court fully explained, and defendant said she understood, that it could not in good conscience adhere to the plea agreement and impose the promised sentence of 2 to 6 years' imprisonment because she left the jurisdiction and only appeared because an arrest