■ HOLZMACHER, MCCLENDON & MURRELL, P. C., et al., Appellants, v TOWN OF EAST HAMPTON, Respondent. [612 NYS2d 184] —In an action to recover damages for breach of contract, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Henry, J.), entered May 7, 1992, which, upon granting the defendant's motion to dismiss the complaint on the ground that the plaintiffs had failed to file a timely written, verified claim with the Town Clerk pursuant to Town Law § 65 (3), dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

On June 29, 1989, by a resolution of the defendant Town of East Hampton (hereinafter the Town), the Town contracted with the plaintiffs, Holzmacher, McClendon & Murrell, P. C., and George Desmarais, *inter alia,* to provide professional services related to the design of a solid waste transfer station at the Montauk landfill. After the plaintiffs had received payment for some of their services, the Town Supervisor sent them a letter stating that he would not authorize any additional payments to them for the project because of allegedly excessive billings.

After having had various conversations with Town officials regarding their demand for payment of their outstanding fees, the plaintiffs commenced this action by service of a summons and complaint on September 5, 1991. The Town subsequently moved to dismiss the complaint on the ground that the plaintiffs had failed to file a written, verified claim with the Town Clerk pursuant to Town Law § 65 (3). On November 14, 1991, while the Town's motion was still pending, the plaintiffs served an amended complaint, as of right, alleging that on September 5, 1991, they had filed a written, verified claim with the Town Clerk and that more than 40 days had elapsed since the filing of the claim. Therefore, the plaintiffs alleged that they had complied with the requirements of Town Law § 65 (3). In addition, the plaintiffs filed a written, verified notice of claim with the Town Clerk on November 15, 1991.

The plaintiffs contend that their cause of action accrued on May 23, 1991. Therefore, the plaintiffs contend that, whether their written, verified claim was filed on September 5, 1991, or November 15, 1991, it was timely because it was filed within six months after the cause of action had accrued. Assuming that the plaintiffs' cause of action did accrue on May 23, 1991, the Supreme Court, nevertheless, properly dismissed the action. Contrary to the plaintiffs' contention, the summons and verified complaint that was served on September 5, 1991, is

not the equivalent of a written, verified claim pursuant to Town Law § 65 (3) *(see, Schweigert v Town of Newfane,* 152 AD2d 995). Moreover, the amended complaint that was served on November 14, 1991, was not served more than 40 days after the filing of the written, verified claim on November 15, 1991 *(see,* Town Law § 65 [3]).

There is no merit to the plaintiffs' remaining contention. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.