OPINION OF THE COURT
Lawrence Knipel, J.
Motion by plaintiff for leave to file a verified claim pursuant to Town Law § 180 nunc pro tune and dismissing the third and fourth affirmative defenses and cross motion by defendant for an order dismissing the complaint for failure to comply *96 with Town Law § 180 and lack of personal jurisdiction are decided as follows:
This is an action for breach of contract whereby the parties entered into a contract on or about December 21, 1992 for renovation work to be performed at the Fire District Headquarters Building at 197 East Meadow Avenue, East Meadow, New York. Pursuant to the contract, the work was to begin on or about the date of the agreement with substantial compliance of the entire work no later than 60 working days from the date of the agreement. Sometime during renovations, the quality of plaintiffs work, with specific reference to the installation of the floor on the meeting room floor of the Headquarters Building, was questioned and is the basis of the dispute between the parties.
Action was commenced by the plaintiff on or about October 31, 1994, issue was joined on or about November 14, 1994 asserting various defenses including plaintiffs noncompliance with Town Law § 180.
Now before this court is a motion by plaintiff to allow it leave to file a late verified claim pursuant to Town Law § 180 nunc pro tune and cross motion by defendant to dismiss the action due to plaintiff’s failure to comply with this condition precedent to commencement of the instant proceeding.
Town Law § 180 provides in pertinent part that "[n]o action shall be maintained against a fire district upon or arising out of a contract entered into by the fire district * * * unless a written verified claim shall have been filed with the fire district secretary within six months after the cause of action shall have accrued.”
Plaintiff is correct when it states that there has been no case law with respect to this area of the Town Law. Plaintiff asserts that given this fact, the court should look to the notice of claim provisions of General Municipal Law § 50-e ([1] [a]; [5]) which provides in pertinent part that "any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action * * * shall comply with and be served in accordance with the provisions of this section * * * Upon application, the court, in its discretion, may extend the time to serve a notice of claim.”
However, the plaintiff’s contentions are very much misplaced. In General Municipal Law § 50-e, the court is given explicit authority, in its discretion, to allow the late filing of a notice of claim. In the instant section of the Town Law, the *97 court is not. However, Town Law § 65 (3) provides in pertinent part that "no action shall be maintained against a town upon or arising out of a contract entered into by the town * * * unless a written verified claim shall have been filed with the town clerk within six months after the cause of action shall have accrued”.
This language is strikingly similar with that of Town Law § 180. As such, the judicial interpretations of Town Law § 65 (3) are controlling. Those interpretations clearly state that the filing requirements are conditions precedent to commencement of action arising out of a contract with the town, in order to maintain actions against the town. (See, County of Rockland v Town of Orangetown, 189 AD2d 1058 [1993]; Clark Mun. Equip, v Town of La Grange, 170 AD2d 831 [1991]; Franza’s Universal Scrap Metal v Town of Islip, 89 AD2d 843 [1982].) The court has no authority to dispense with or extend the time for filing of a notice of claim. Therefore, a plaintiffs failure to timely file a notice of claim mandates dismissal. (Supra.)
When applying the courts’ analysis of the filing requirement with respect to Town Law § 65 (3), and comparing it to Town Law § 180, the instant action must be dismissed. Plaintiffs contentions that this court should follow the courts’ liberal late filing of the notice of claim pursuant to General Municipal Law § 50-e are without merit as the Legislature specifically granted the courts such authority. That authority is not given in Town Law § 180 and this court will not reach outside the statute and grant itself such a right.
This court finds plaintiff’s other contentions to be without merit.
Accordingly, motion by plaintiff to file a late notice of claim is denied and the defendant’s motion to dismiss the action for failure to comply with the filing requirements of Town Law § 180 is granted and the action is dismissed.