■ KIMBERLY A. DANNHAUSER, Respondent, v COUNTY OF SUFFOLK, Defendant and Third-Party Plaintiff-Appellant, and JAY DEE TOMFOR TRANSPORTATION, Defendant and Third-Party Plaintiff-Appellant-Respondent. DRIFTWOOD DAY CAMP, INC., Third-Party Defendant-Respondent-Appellant. [628 NYS2d 969] —In an action to recover damages for personal injuries, (1) the County of Suffolk appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Suffolk County (Gowan, J.), dated May 5, 1994, which, inter alia, denied its cross motion for summary judgment dismissing the plaintiff's complaint, (2) Jay Dee Tomfor Transportation separately appeals, as limited by its brief, from stated portions of the same order, which, inter alia, denied its motion for summary judgment dismissing the plaintiff's complaint, and (3) Driftwood Day Camp, Inc., cross-appeals, as limited by its brief, from stated portions of the same order, which, inter alia, denied, in part, its motion for summary judgment dismissing the second third-party complaint.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff commenced an action against the County of Suffolk and Jay Dee Tomfor Transportation (hereinafter Jay Dee) based on injuries she sustained while driving on a County road. The plaintiff was driving a minibus leased by her employer, Driftwood Day Camp (hereinafter Driftwood), from Jay Dee. The minibus flipped over and hit a tree after being forced off the roadway and onto the road shoulder by another vehicle. The plaintiff alleged that she lost control of the

minibus because of the condition of the road shoulder and the vehicle. The defendants moved for summary judgment dismissing the plaintiff's complaint in the main action. The defendants also commenced third-party actions impleading Driftwood, and Driftwood moved for summary judgment dismissing the third-party complaints.

The Supreme Court properly found that the County failed to establish a cause of action to recover damages for negligence against Driftwood since the County failed to establish that Driftwood had breached any duty owing to it or to the plaintiff *(see, Sommer v Federal Signal Corp.,* 79 NY2d 540; *Garrett v Holiday Inns,* 58 NY2d 253). Accordingly, the County's claim for contribution cannot be maintained. For the same reason, Jay Dee's third-party cause of action sounding in negligence must fail.

There are, however, triable issues of fact with respect to Jay Dee's claims against Driftwood based on breach of the lease. Although Driftwood argues on appeal that Jay Dee's claims for contractual indemnification and breach of the contractual obligation to obtain insurance should have been dismissed, these issues were not presented to the Supreme Court and, therefore, are unpreserved for appellate review.

Further, denial of the defendants' motions for summary judgment dismissing the plaintiff's complaint was proper. The plaintiff maintains that the reason she lost control of the vehicle after being forced onto the road shoulder was that the shoulder was not level with the roadway and that the vehicle "would not go" when she turned the steering wheel to the left in her attempt to get back onto the roadway. Whether the conduct of the driver of the vehicle that forced the plaintiff's vehicle off the roadway and onto the shoulder constituted a superseding, intervening event was not established as a matter of law, but rather presented an issue to be resolved by the trier of fact *(see, Mercado v Vega,* 77 NY2d 918, 920; *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315). It is neither extraordinary nor unforeseeable that a vehicle may be forced off a roadway and onto the road shoulder *(see, Kush v City of Buffalo,* 59 NY2d 26, 33; *Bottalico v State of New York,* 59 NY2d 302, 305). In addition, there was evidence provided by the police department mechanic who inspected the vehicle after the accident that the brakes were overadjusted, which could have caused the vehicle to pull to one side when the brakes were applied. Accordingly, the proof submitted to the Supreme Court presented questions of fact with respect to the proximate cause of the plaintiff's injuries. Miller, J. P., Thompson, Friedmann and Florio, JJ., concur.