■ In the Matter of ELMONT FIRE DISTRICT, Respondent, v LAPEKA CONSTRUCTION CORP., Appellant. [648 NYS2d 999] —In a proceeding pursuant to CPLR 7503 (b) to permanently stay arbitration of a breach of contract claim, Lapeka Construction Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Kutner, J.), dated June 26, 1995, as granted the application.

Ordered that the order is affirmed insofar as appealed from, with costs.

Town Law § 180 provides that "[n]o action shall be maintained against a fire district upon or arising out of a contract entered into by the fire district * * * unless a written verified claim shall have been filed with the fire district secretary within six months after the cause of action shall have accrued." Such a filing is a condition precedent to the commencement of an action against a fire district *(cf., County of Rockland v Town of Orangetown,* 189 AD2d 1058, 1059 [interpreting an analogous provision of Town Law § 65 (3)]; *accord, Franza's Universal Scrap Metal v Town of Islip,* 89 AD2d 843, 844; *Wa-Wa-*

*Yanda, Inc. v Town of Islip,* 25 AD2d 762, *affd* 21 NY2d 1013). Courts have no authority to disregard lack of compliance with such a provision *(see, Perritano v Town of Mamaroneck,* 170 AD2d 443, 444; *Clark Mun. Equip. v Town of La Grange,* 170 AD2d 831, 832; *Aqua Dredge v Little Harbor Sound Civic Improvement Assn.,* 114 AD2d 825, 826; *Pepco Constr. Corp. v East Meadow Fire Dept.,* 165 Misc 2d 95). Here, the appellant admittedly failed to file a verified claim pursuant to Town Law § 180. Such an omission foreclosed the appellant's right under the contract to demand arbitration of its claim of wrongful termination *(see, Matter of Town of Islip v Stoye,* 29 NY2d 524, 526; *Board of Educ. v Zanghi Constr. Corp.,* 127 AD2d 725, 726; CPLR 7502 [b]).

The appellant's remaining contentions are without merit. Pizzuto, J. P., Santucci, Friedmann and Luciano, JJ., concur.