■ HASSETT-BELFER SENIOR HOUSING, L. L. C., Appellant, v TOWN OF NORTH HEMPSTEAD, Respondent. [705 NYS2d 233] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winick, J.), dated August 18, 1998, which granted the defendant's motion to dismiss the complaint and denied its cross motion, *inter alia,* for leave to file a late notice of claim.

Ordered that the order is affirmed, with costs.

The failure to serve a notice of claim in compliance with

Town Law § 65 (3) compelled the dismissal of the action (*see,* Town Law § 65 [3]; *Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539). The plaintiff's contention that service of the verified complaint upon the Town Clerk was equivalent.to the service of a verified notice of claim is unpreserved for appellate review (*see, Dannhauser v County of Suffolk,* 216 AD2d 514, 515), and, in any event, without merit (*see, Holzmacher, McClendon & Murrell v Town of E. Hampton,* 204 AD2d 604; *Schweigert v Town of Newfane,* 152 AD2d 995; *see also, Davidson v Bronx Mun. Hosp.,* 64 NY2d 59, 61-62; *Davis v City of New York,* 250 AD2d 368, 369-370).

The court properly denied the plaintiff's cross motion, *inter alia,* for leave to file a late notice of claim to recover damages for conversion. A cause of action alleging conversion cannot be maintained where, as here, damages are being sought merely for breach of contract, and no wrong independent of the contract claim has been demonstrated (*see, Wolf v National Council of Young Israel,* 246 AD2d 416; *Priolo Communications v MCI Telecommunications Corp.,* 248 AD2d 453; *MBL Life Assur. Corp. v 555 Realty Co.,* 240 AD2d 375, 376-377; *Peters Griffin Woodward v WCSC, Inc.,* 88 AD2d 883).

The plaintiff's remaining contentions are without merit. Altman, J. P., Friedmann, Krausman and Feuerstein, JJ., concur.