■ HASSETT-BELFER SENIOR HOUSING, L. L. C., Appellant, v TOWN OF NORTH HEMPSTEAD, Respondent. [705 NYS2d 61] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winick, J.), entered January 27, 1999, which granted that branch of the defendant's motion which was to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced an action to recover damages for breach of contract in April 1998. By order dated August 18, 1998, the Supreme Court, Nassau County, dismissed that action, and that dismissal has been affirmed by this Court (*see, Hassett-Belfer Senior Hous. v Town of N. Hempstead,* 270 AD2d 306 [decided herewith]). In November 1998, the plaintiff brought another action, virtually identical to the first, but differing from it in that it alleged that a "verified notice" was served on the Town Clerk within six months of the accrual of the plaintiff's cause of action. However, the only document served by the plaintiff upon the Town Clerk was the April 1998 summons and complaint.

Contrary to the plaintiff's contention, the service of a verified

complaint is not equivalent to service of a verified notice of claim for the purpose of satisfying the claim-filing requirement of Town Law § 65 (3) (*see, Hassett-Belfer Senior Hous. v Town of N. Hempstead, supra; Holzmacher, McClendon & Murrell v Town of E. Hampton,* 204 AD2d 604; *Schweigert v Town of Newfane,* 152 AD2d 995; *see also, Davidson v Bronx Mun. Hosp.,* 64 NY2d 59, 61-62; *Davis v City of New York,* 250 AD2d 368, 369-370). Accordingly, the instant action was properly dismissed. Altman, J. P., Friedmann, Krausman and Feuerstein, JJ., concur.