■ WALTER H. POPPE GENERAL CONTRACTING, INC., Appellant, v TOWN OF RAMAPO et al., Respondents. [721 NYS2d 248] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Sherwood, J.), entered October 28, 1999, which, upon an order of the same court entered September 9, 1999, granting the defendants' separate motions to dismiss the complaint, is in favor of the defendants and against it, dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

The filing of a notice of claim is a condition precedent to maintaining an action against the defendant Town of Ramapo (hereinafter the Town) (*see, Town Bd. v Meehan,* 226 AD2d 702, 703; *County of Rockland v Town of Orangetown,* 189 AD2d 1058, 1059), and the plaintiff's failure to plead and prove compliance with the requirements of Town Law § 65 (3) requires dismissal of the cause of action alleging breach of contract (*see, Hassett-Belfer Senior Hous. v Town of N. Hempstead,* 270 AD2d 307; *Holzmacher, McClendon & Murrell v Town of E. Hampton,* 204 AD2d 604; *Aqua Dredge v Little Harbor Sound Civic Improvement Assn.,* 114 AD2d 825).

Contrary to the plaintiff's contention, the Town is not estopped from asserting the plaintiff's failure to file a notice of claim as a defense (*see, Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668; *Aqua Dredge v Little Harbor Sound Civic Improvement Assn., supra,* at 826). Under the circumstances, the Town's failure to assert a notice of claim

defense in its answer, and the fact that Town officials were aware of the plaintiff's claim and allegedly entered into discussions with the plaintiff, did not create an estoppel (see, Holzmacher, McClendon & Murrell v Town of E. Hampton, supra; County of Rockland v Town of Orangetown, 189 AD2d 1058; Matter of Quintero v Town of Babylon Indus. Dev. Agency, 172 AD2d 527; Aqua Dredge v Little Harbor Sound Civic Improvement Assn., supra; Nicholas v City of New York, 130 AD2d 470). Moreover, the notice provisions contained in the contract between the Town and the plaintiff did not supersede the notice requirement of Town Law § 65 (3), since there was no affirmative expression by the parties to override any statutory provisions and, in fact, Paragraph 67 of the contract incorporated by reference all statutes, rules, regulations, and ordinances of the State of New York (see, Matter of Geneseo Cent. School [Perfetto & Whalen Constr. Corp.], 53 NY2d 306; Acme Skillman Constr. Co. v Board of Educ., 106 AD2d 533).

The court also properly dismissed the causes of action based on unjust enrichment and fraud insofar as asserted against the Town, as the damages sought are merely for breach of contract, and "no wrong independent of the contract claim has been demonstrated" (Hassett-Belfer Senior Hous. v Town of N. Hempstead, supra, at 307; Wolf v National Council of Young Israel, 264 AD2d 416; Clark Mun. Equip. v Town of La Grange, 170 AD2d 831).

The complaint was also properly dismissed insofar as asserted against the defendant York-Hunter of New York, Inc. (hereinafter York-Hunter), the agent of the Town. A reading of the complaint as a whole indicates that York-Hunter's alleged wrongdoing consisted of its failure to submit requests for "change orders" to the defendant Town, even though it represented to the plaintiff that it would do so. We note that the plaintiff alleges that it attended various meetings with Town officials who specifically acknowledged that the plaintiff would be paid the money it claimed it was owed and that the change orders were valid and in sufficient compliance with Town requirements for approval. In light of the plaintiff's allegations, York-Hunter's wrongdoing, if at all, consisted of nonfeasance—a failure to execute a duty owed to its principal—for which it is not liable to third parties (see, Jones v Archibald, 45 AD2d 532; Greco v Levy, 257 App Div 209, affd 282 NY 575; Mathis v Yondata Corp., 125 Misc 2d 383). Krausman, J. P., S. Miller, McGinity and Feuerstein, JJ., concur.