OPINION OF THE COURT
John M. Curran, J.
*657 Defendant has moved to dismiss the complaint primarily on the grounds that plaintiff failed to file a notice of claim under Town Law § 65 (3). Plaintiff has cross-moved for summary judgment.
Plaintiff and defendant entered into a contract and various extensions thereof whereby plaintiff agreed to provide solid waste disposal services to residents of the town of Amherst located within the Town of Amherst Garbage and Refuse District No. 1. In exchange for plaintiffs agreement to provide these services, defendant agreed to pay certain fees. Plaintiff claims in this lawsuit that defendant has breached the contract in failing to pay all of the fees which are due pursuant to its terms.
Defendant correctly points out that Town Law § 65 (3) requires a notice of claim to be filed prior to commencing a cause of action for breach of contract against a town. Plaintiff counters that the defendant is not a “town” under Town Law § 2 and that there is nothing in Town Law § 65 (3) referring to a town improvement district as being entitled to a notice of claim. Plaintiff further asserts that there are lower court cases holding that a town improvement district is not entitled to a notice of claim under the tort-related statutes in General Municipal Law §§ 50-e and 50-i and Town Law § 67. Lastly, in its reply brief and at oral argument, plaintiff claims that Town Law § 215 (6) and (17) supplant Town Law §§ 65-a and 198 as the bases upon which the improvement district here may be sued.
A town improvement district, such as the garbage and refuse district here, is an administrative department of the town (Greater Poughkeepsie Lib. Dist. v Town of Poughkeepsie, 81 NY2d 574, 582 [1993]; 2003 Ops Atty Gen No. I 03-5; 1995 Ops St Comp No. 95-17). An improvement district is only a special administrative area within the town and is not an independent public corporate entity (Tom Sawyer Motor Inns v Chemung County Sewer Dist. No. 1, 33 AD2d 720 [3d Dept 1969]; Village of Brockport v County of Monroe Pure Waters Div., 75 AD2d 483 [4th Dept 1980], affd 54 NY2d 678 [1981]; Belinson v Sewer Dist. No. 16 of Town of Amherst, 65 AD2d 912 [4th Dept 1978]; 2003 Ops Atty Gen No. I 03-5). “[A] 11 town improvement districts, except certain districts established prior to April 8, 1932 and those governed by a board of commissioners pursuant to the provisions of a special act of the state legislature, are governed solely by the town board (Town Law, § 61)” (1988 Ops St Comp No. 88-25). Here, the record reflects that the Town Board serves as the commissioners of the garbage and refuse *658 district (the contract even refers to the district as the Town). Thus, Town Law article 13 (§ 210 et seq.) does not apply (1995 Ops St Comp No. 95-7) and plaintiffs reliance on section 215 is misplaced. The court must therefore apply article 12 of the Town Law (§ 190 et seq.).
As set forth in Town Law § 198 (9), the garbage and refuse district which is the subject of this action could only enter into a contract by action of the Town Board. An action premised on the terms of such a contract entered into by the Town Board must be brought against tl e Town as specified in Town Law § 65 (1). In fact, Town Law § 65 (2) specifically provides that a town may be sued at law “for the breach of any lawful contract entered into by it on behalf of a district wholly located in such town.” Thus, construing these statutes as a whole (McKinney’s Cons Laws of NY, Book 1, Statutes § 97), it is the Town acting through the Town Board which entered into the contract and it is the Town which can sue or be sued on the basis of such a contract.
The lower court cases upon which plaintiff relies analogizing the tort-related notice of claim statutes are unhelpful. One court concludes without analysis that General Municipal Law § 50-e does not govern a water district (Jayne v East Hills Water Dist., 6 Misc 2d 676 [Sup Ct, Suffolk County 1957]). The other notes a change in the statute including certain improvement districts but excluding others, thereby permitting a construction of the statute based on an exclusion by omission (Harrigan v Town of Smithtown, 54 Misc 2d 793 [Sup Ct, Suffolk County 1967]; see also Fraccola v City of Utica, 77 AD2d 161, 165-166 [4th Dept 1980]; Martin v Town of Esopus, 57 Misc 2d 487 [Sup Ct, Ulster County 1968]). There has been no such change in the statute here. There also is no apparent legislative policy or logic upon which to conclude that the contract notice of claim statute should not apply when it is the Town Board which must enter into the contract and the Town which should be sued.
Based on the foregoing, the court concludes that the appropriate defendant is the Town of Amherst and that, irrespective of the defendant named, a notice of claim is required under Town Law § 65 (3).
Plaintiff next asserts that, even if a notice of claim is required, the Town has had sufficient notice to obviate the necessity of a formal notice of claim. To support this argument, plaintiff relies upon the so-called Frink rule which is based on Frink v Town of Amenia (91 Misc 2d 491 [Dutchess County Ct 1977]). However, *659 this rule has been rejected by the Second and Fourth Departments (Schweigert v Town of Newfane, 152 AD2d 995 [4th Dept 1989]; Hassett-Belfer Senior Hous. v Town of N. Hempstead, 270 AD2d 307 [2d Dept 2000]; Holzmacher, McClendon & Murrell v Town of E. Hampton, 204 AD2d 604 [2d Dept 1994]). In addition to being bound by these decisions, this court also agrees that ignoring the notice of claim requirement under the circumstances in this case would be completely contrary to the language of the statute.
Accordingly, defendant’s motion to dismiss for failure to file a notice of claim is in all respects granted and the plaintiffs cross motion for summary judgment is denied. Defendant’s counsel should settle the order with plaintiffs counsel.