■ ADC CONTRACTING & CONSTRUCTION, INC., Appellant, v TOWN OF SOUTHAMPTON, Respondent. [850 NYS2d 121]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Emerson J.), entered March 17, 2006, as granted the defendant's motion, in effect, pursuant to CPLR 4404 to set aside the jury verdict in favor of the plaintiff and for judgment as a matter of law on the ground that the plaintiff filed an improperly verified notice of claim, and is in favor of the defendant and against it dismissing the complaint.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The plaintiff filed a timely notice of claim against the defendant, the Town of Southampton (hereinafter the Town), alleging breach of contract. Throughout the next four years, the case proceeded through litigation, and culminated in a jury trial which resulted in a verdict awarding the plaintiff damages. During the trial, the plaintiff's owner Anthony Chiodi testified that he had notarized the documents submitted to the court by using his wife's expired notary stamp and forging her signature. In a posttrial motion, the Town moved, in effect, pursuant to CPLR 4404 to set aside the jury verdict and for judgment as a matter of law on the ground that the plaintiff filed an improperly veri-

fied notice of claim. A properly verified notice of claim is a condition precedent to maintaining an action to recover damages for breach of contract against a town (*see* Town Law § 65 [3]). The Supreme Court granted the Town's motion, finding that the trial testimony established that the notarized signature was neither genuine nor effective, and that pursuant to Town Law § 65 (3), a court may not disregard a failure to verify such a notice. We agree.

In contrast to other notice statutes, Town Law § 65 (3) contains no provision allowing the court to excuse noncompliance with its requirements (*see Perritano v Town of Mamaroneck,* 170 AD2d 443 [1991]; *Aqua Dredge v Little Harbor Sound Civic Improvement Assn.,* 114 AD2d 825 [1985]). Accordingly, the "court lacks authority to disregard the lack of verification of a notice of claim against a town arising out of a contractual dispute" (*Aqua Dredge v Little Harbor Sound Civic Improvement Assn.,* 114 AD2d at 826).

The plaintiff's contentions that the Town waived its right to pursue a notice of claim defense, or that the doctrine of estoppel applies, are without merit. The plaintiff did not disclose the improper verifications until its owner testified during the trial, and, as such, the Town neither waived its rights nor engaged in conduct that induced the plaintiff not to comply with the statutory requirements warranting the application of the estoppel doctrine (*cf. Lebanon Val. Landscaping v Town of Nassau,* 192 AD2d 902 [1993]; *Town of Smithtown v Jet Paper Stock Corp.,* 179 AD2d 634 [1992]). Miller, J.P., Ritter, Covello and McCarthy, JJ., concur.