■ In the Matter of the GATES OF GOODNESS AND MERCY, by DENISE WALLACE, Petitioner, v JOHN A. JOHNSON, as Commissioner of New York State Office of Children and Family Services, Respondent. [852 NYS2d 866]—

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination revoking petitioner's license to operate a group family daycare home. Contrary to petitioner's contention, the determination is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]). The hearsay evidence presented by respondent was admissible in this administrative proceeding, and it was sufficiently relevant and probative to constitute substantial evidence (*see Matter of Gray v Adduci*, 73 NY2d 741, 742 [1988]; *People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985]; *see also Matter of BiCounty Brokerage S. Corp. v State of N.Y. Ins. Dept.*, 4 AD3d 470 [2004]). We further conclude that the penalty is not "so disproportionate to the offense as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 237 [1974]; *see Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001], *rearg denied* 96 NY2d 854 [2001]). Present—Scudder, P.J., Centra, Lunn, Fahey and Green, JJ.

■ COVANTA NIAGARA, L.P., Appellant, v TOWN OF AMHERST GARBAGE AND REFUSE DISTRICT #1, Respondent. [853 NYS2d 518]—

Present—Scudder, P.J., Centra, Lunn, Fahey and Green, JJ. [*See* 16 Misc 3d 656 (2007)].