■ CHRISTOPHER J. MOHL, Respondent, v TOWN OF RIVERHEAD et al., Appellants. [880 NYS2d 313]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated October 16, 2008, as denied their motion to dismiss the complaint pursuant to CPLR 3211 and Town Law § 65 (3) for failure to file a timely notice of claim.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion to dismiss the complaint pursuant to CPLR 3211 and Town Law § 65 (3) is granted.

Under Town Law § 65, "no action shall be maintained against a town upon or arising out of a contract entered into by the town" unless, inter alia, "a written verified claim shall have been filed with the town clerk within six months after the cause of action shall have accrued" (Town Law § 65 [3]). "A properly verified notice of claim is a condition precedent to maintaining an action to recover damages for breach of contract against a town" (*ADC Contr. & Constr., Inc. v Town of Southampton*, 45

AD3d 614, 615 [2007]; *see* Town Law § 65 [3]; *Walter H. Poppe Gen. Contr. v Town of Ramapo,* 280 AD2d 667, 667 [2001]).

Here, it is undisputed that the plaintiff never filed a notice of claim with the town clerk as mandated by Town Law § 65 (3). Based on his failure to comply with the requirements of Town Law § 65 (3), the Supreme Court should have granted the defendants' motion to dismiss the complaint (*see e.g. Walter H. Poppe Gen. Contr. v Town of Ramapo,* 280 AD2d at 667).

The plaintiff cross-moved, in effect, for leave to file a late notice of claim. However, "[i]n contrast to other notice statutes, Town Law § 65 (3) contains no provision allowing the court to excuse noncompliance with its requirements" (*ADC Contr. & Constr., Inc. v Town of Southampton,* 45 AD3d at 615; *see Perritano v Town of Mamaroneck,* 170 AD2d 443 [1991]; *Aqua Dredge v Little Harbor Sound Civic Improvement Assn.,* 114 AD2d 825, 826 [1985]). Town Law § 65 (3) does not provide courts with the authority to extend the time for the filing of a notice of claim (*see County of Rockland v Town of Orangetown,* 189 AD2d 1058, 1059-1060 [1993]; *Franza's Universal Scrap Metal v Town of Islip,* 89 AD2d 843 [1982]). Therefore, the Supreme Court lacked the authority to grant the plaintiff's cross motion, in effect, for leave to file a late notice of claim.

Contrary to the plaintiff's contention, the defendants are not estopped from asserting a defense based on the plaintiff's failure to comply with Town Law § 65 (3). "[A] municipality may be estopped from asserting plaintiff's noncompliance with a notice of claim statute" (*Aqua Dredge v Little Harbor Sound Civic Improvement Assn.,* 114 AD2d at 826; *see Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668 [1976]). "[E]stoppel against a municipal defendant will lie only when the municipal defendant's conduct was calculated to, or negligently did, mislead or discourage a party from serving a timely notice of claim and when that conduct was justifiably relied upon by that party" (*Wade v New York City Health & Hosps. Corp.,* 16 AD3d 677 [2005]; *see Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668 [1976]; *see also Yassin v Sarabu,* 284 AD2d 531 [2001]; *Conquest Cleaning Corp. v New York City School Constr. Auth.,* 279 AD2d 546, 546-547 [2001]). While making no express finding as to whether the defendants' conduct was improper or negligent, we find that the plaintiff's reliance thereupon was not justifiable under the particular circumstances of this case (*see Walter H. Poppe Gen. Contr. v Town of Ramapo,* 280 AD2d at 667; *Aqua Dredge v Little Harbor Sound Civic Improvement Assn.,* 114 AD2d at 826; *see generally Simcuski v Saeli,* 44 NY2d 442, 449 [1978]; *Bender v New York City Health*

& Hosps. Corp., 38 NY2d at 668; *Wade v New York City Health & Hosps. Corp.,* 16 AD3d at 677; *Yassin v Sarabu,* 284 AD2d 531 [2001]).

The plaintiff's remaining contention is without merit. Mastro, J.P., Dillon, Dickerson and Leventhal, JJ., concur. [*See* 2008 NY Slip Op 33556(U).]