Accadia Site Contr., Inc. v Town of Pendleton (2023 NY Slip Op 01386)

Accadia Site Contr., Inc. v Town of Pendleton

2023 NY Slip Op 01386

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, BANNISTER, AND OGDEN, JJ.

83 CA 22-00216

[*1]ACCADIA SITE CONTRACTING, INC., PLAINTIFF-RESPONDENT,
v
TOWN OF PENDLETON, DEFENDANT-APPELLANT. 

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (DANIEL K. CARTWRIGHT OF COUNSEL), FOR DEFENDANT-APPELLANT.
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (SAMUEL L. YELLEN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Niagara County (Timothy J. Walker, A.J.), entered January 27, 2022. The order denied the motion of defendant to dismiss the complaint and granted the cross motion of plaintiff for leave to file a late notice of claim. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, the complaint is dismissed, and the cross motion is denied.
Memorandum: Plaintiff commenced this action to recover payment for highway repair work it performed for defendant, asserting causes of action for breach of contract, unjust enrichment, and quantum meruit. Defendant moved to dismiss the complaint on the ground, inter alia, that plaintiff failed to comply with the notice of claim provision under Town Law § 65 (3) and plaintiff cross-moved for leave to file a late notice of claim. Supreme Court denied the motion and granted the cross motion, concluding that, although plaintiff failed to comply with section 65 (3), it should be permitted to file a late notice of claim inasmuch as defendant had actual notice of the essential facts of the claim and did not demonstrate any prejudice that would arise from the late filing of the claim. Defendant appeals.
We agree with defendant that the court erred in denying the motion and in granting the cross motion. Town Law § 65 (3) requires that a written verified claim be filed with the town clerk "within six months after the cause of action shall have accrued." "[I]n contrast to other notice statutes, Town Law § 65 (3) contains no provision allowing the court to excuse noncompliance with its requirements" (Mohl v Town of Riverhead, 62 AD3d 969, 970 [2d Dept 2009] [internal quotation marks omitted]; see generally Putrelo Constr. Co. v Town of Marcy, 105 AD3d 1406, 1407 [4th Dept 2013]).
We reject plaintiff's assertion, raised as an alternative ground for affirmance, that defendant is estopped from relying on Town Law
§ 65 (3) (see Putrelo, 105 AD3d at 1408; Mohl, 62 AD3d at 970). "A municipality may be estopped from asserting that a claim was filed untimely when its improper conduct induces reliance by a party who changes his position to his detriment or prejudice" (Putrelo, 105 AD3d at 1408 [internal quotation marks omitted]). Here, the record does not support any claim that defendant engaged in improper conduct dissuading plaintiff from serving a timely notice of claim (see id.).
Finally, we reject plaintiff's assertion, also raised as an alternative ground for affirmance, that the court erred in determining the accrual date for the claim. A cause of action seeking to compel payment ordinarily accrues when the claim is actually or constructively rejected (see [*2]Micro-Link, LLC v Town of Amherst, 73 AD3d 1426, 1427 [4th Dept 2010]). Here, the record established that defendant's representative sent a letter on January 4, 2020, rejecting plaintiff's claim for unpaid work, and the court thus properly concluded such date was the accrual date for purposes of filing the notice of claim pursuant to Town Law § 65 (3).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court