JNS Heating Serv., Inc. v Stony Brook Fire Dist. (2023 NY Slip Op 02303)

JNS Heating Serv., Inc. v Stony Brook Fire Dist.

2023 NY Slip Op 02303

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-07980
 (Index No. 612608/18)

[*1]JNS Heating Service, Inc., appellant,
v
Stony Brook Fire District, respondent.

Cooper, Sapir & Cohen, P.C., Melville, NY (David M. Cohen of counsel), for appellant.
Campolo, Middleton & McCormick, LLP, Ronkonkoma, NY (Patrick McCormick and Richard A. DeMaio of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated September 14, 2020. The order granted the defendant's motion pursuant to CPLR 5015(a), in effect, to vacate an order of the same court dated April 24, 2019, inter alia, granting the plaintiff's motion for leave to enter a default judgment, and thereupon to dismiss the complaint for failure to timely file a notice of claim.
ORDERED that the order dated September 14, 2020, is affirmed, with costs.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract. In an order dated April 24, 2019, the Supreme Court, among other things, granted the plaintiff's motion for leave to enter a default judgment. The defendant moved pursuant to CPLR 5015(a), in effect, to vacate that order and thereupon to dismiss the complaint for failure to timely file a notice of claim. In an order dated September 14, 2020, the court granted the defendant's motion, holding that the plaintiff failed to comply with Town Law § 180. The plaintiff appeals.
"Town Law § 180 provides that '[n]o action shall be maintained against a fire district upon or arising out of a contract entered into by the fire district . . . unless a written verified claim shall have been filed with the fire district secretary within six months after the cause of action shall have accrued.' Such a filing is a condition precedent to the commencement of an action against a fire district" (Matter of Elmont Fire Dist. v Lapeka Constr. Corp., 232 AD2d 636, 636; see Shade Tree Contr. v Hicksville Fire Dist., 272 AD2d 603, 603; cf. Gorman v Town of Huntington, 12 NY3d 275). "Courts have no authority to disregard lack of compliance with such a provision" (Matter of Elmont Fire Dist. v Lapeka Constr. Corp., 232 AD2d at 637). Here, since the plaintiff failed to comply with the condition precedent in Town Law § 180 before commencing this action against the defendant, the Supreme Court properly granted the defendant's motion, in effect, to vacate the order dated April 24, 2019, and thereupon to dismiss the complaint for failure to timely file a notice of claim (see Shade Tree Contr. v Hicksville Fire Dist., 272 AD2d at 603; see also Matter of Elmont Fire Dist. v Lapeka Constr. Corp., 232 AD2d at 637).
DILLON, J.P., ZAYAS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court