William G. Prophy, LLC v Town of Southampton (2023 NY Slip Op 04615)

William G. Prophy, LLC v Town of Southampton

2023 NY Slip Op 04615

Decided on September 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.

2021-07132
 (Index No. 616573/20)

[*1]William G. Prophy, LLC, appellant,
v
Town of Southampton, respondent.

Scott Lockwood, Deer Park, NY, for appellant.
James M. Burke, Town Attorney, Southampton, NY (Mark McRedmond of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated September 15, 2021. The order, insofar as appealed from, granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In April 2018, the defendant Town of Southampton awarded a contract to the plaintiff on a stabilization and restoration project for a museum. Thereafter, work commenced, but subsequently, by letter dated April 16, 2019, the surety company which issued the payment and performance bond for the plaintiff advised the Town that no further funds were to be released to the plaintiff. Thereafter, by "Notice of Withholding Contract Payment" (hereinafter the Notice) dated April 16, 2019, the Town informed the plaintiff that it was withholding payments. The Notice also advised the plaintiff of certain violations of the contract related to the project. Work on the project stopped in early April 2019. The plaintiff sent the Town applications for payment dated March, April, and May 2019, none of which were paid. More than one year later, on or about July 21, 2020, after the parties engaged in unsuccessful negotiations regarding the amount due, the plaintiff filed a notice of claim. The plaintiff commenced the instant action on October 30, 2020. The Town subsequently moved pursuant to CPLR 3211(a) to dismiss the complaint on the ground, inter alia, that the service of the notice of claim was untimely under Town Law § 65(3). In an order dated September 15, 2021, the Supreme Court, among other things, granted the Town's motion to dismiss the complaint. The plaintiff appeals.
The Supreme Court properly granted the Town's motion to dismiss the complaint for the plaintiff's failure to timely serve a notice of claim upon it. Town Law § 65(3) provides that "no action shall be maintained against a town upon or arising out of a contract entered into by the town . . . unless a written verified claim shall have been filed with the town clerk within six months after the cause of action shall have accrued." "A contractor's cause of action accrues when it should have viewed its claim as actually or constructively rejected" (Trison Contr. v Town of Huntington, 227 AD2d 397, 398; see INFORM Applications, Inc. v Town of Brookhaven, 136 AD3d 670, 671).
Here, the Supreme Court properly determined that the plaintiff's claim accrued when the Notice dated April 16, 2019, was sent to the plaintiff. At that time, the plaintiff should have viewed its claim for payments of the amounts due under the contract as having been constructively rejected. Therefore, the notice of claim, which was served on or about July 21, 2020, was untimely, and the court properly directed the dismissal of the complaint (see Popular Constr. v New York City School Constr. Auth., 268 AD2d 467, 467; Arnell Constr. Corp. v Village of N. Tarrytown, 100 AD2d 562, 564, affd 64 NY2d 916).
In light of our determination, we need not address the plaintiff's remaining contention.
CONNOLLY, J.P., BRATHWAITE NELSON, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court