Custom Crafted Mgt. Solutions, Inc. v Elmont Fire Dist. (2025 NY Slip Op 06307)

Custom Crafted Mgt. Solutions, Inc. v Elmont Fire Dist.

2025 NY Slip Op 06307

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2024-11442
 (Index No. 603791/24)

[*1]Custom Crafted Management Solutions, Inc., respondent, 
v
Elmont Fire District, appellant.

Franklin, Gringer & Cohen, P.C., Garden City, NY (Steven E. Cohen of counsel), for appellant.
Russ & Russ, P.C., Massapequa, NY (Jay Edmund Russ and Ira Levine of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered October 1, 2024. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion to pursuant to CPLR 3211(a) to dismiss the complaint is granted.
The plaintiff is the assignee of four separate business entities—Cascade Information Systems, Inc. (hereinafter CIS), Atlantic Pacific Tech, Inc. (hereinafter APT), Superior Integrated Solutions, Inc. (hereinafter SIS), and Askdecom Computer Solutions, Inc. (hereinafter ACS). The defendant entered into four independent contracts with CIS, APT, SIS, and ACS between 2017 and 2020 for computer-related services and equipment.
In four separate invoices, all dated December 27, 2022, the plaintiff alleged that the defendant had breached each of the contracts and demanded the full amount of each contract, due by January 31, 2023.
In a notice of claim dated September 28, 2023, the plaintiff sought the full amount due on each of the contracts, plus interest, legal fees, and costs and expenses. The notice of claim allegedly was hand delivered to an authorized representative of the Elmont Fire District Secretary on October 2, 2023, and also was mailed to the Elmont Fire District Secretary on October 10, 2023.
The plaintiff commenced this action by filing a summons and complaint on March 3, 2024. The complaint asserted, among other things, a cause of action alleging breach of contract and sought the full amounts due and owing on the contracts, with interest, legal fees, and costs and expenses.
The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint for failure to serve a timely notice of claim within six months of the accrual of the causes of action. The plaintiff opposed the motion.
In an order entered October 1, 2024, the Supreme Court denied the defendant's [*2]motion, determining that there were questions of fact as to the date of the accrual of the causes of action. The defendant appeals.
The Supreme Court erred in denying the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint for the plaintiff's failure to timely serve a notice of claim upon it. Town Law § 180 provides that "[n]o action shall be maintained against a fire district upon or arising out of a contract entered into by the fire district . . . unless a written verified claim shall have been filed with the fire district secretary within six months after the cause of action shall have accrued." "Such a filing is a condition precedent to the commencement of an action against a fire district" (JNS Heating Serv., Inc. v Stony Brook Fire Dist., 216 AD3d 627, 628 [internal quotation marks omitted]). "Courts have no authority to disregard lack of compliance with such a provision" (Matter of Elmont Fire Dist. v Lapeka Constr. Corp., 232 AD2d 636, 637).
"As a general rule, accrual occurs when all of the factual elements necessary to maintain the lawsuit and obtain relief come into existence" (HP Capital, LLC v Village of Sleepy Hollow, 68 AD3d 928, 929). "A contractor's cause of action accrues when it should have viewed its claim as actually or constructively rejected" (William G. Prophy, LLC v Town of Southampton, 219 AD3d 1378, 1379 [internal quotation marks omitted]).
Here, the causes of action accrued on January 31, 2023, when the defendant failed to comply with the plaintiff's demands for the full amount of each contract. At that time, the plaintiff should have viewed its claim for payment of the amount due under each contract as having been rejected. Therefore, the notice of claim, which was not served until October 2023, was untimely, and the Supreme Court should have directed dismissal of the complaint (see id.).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
GENOVESI, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court